JOHN O. BRISCOE ET AL., APPELLANTS, v. ROGER McCAFFERY, RESPONDENT.

JUDGMENT—*Motion to set aside*—*Excusable neglect.*—The case was set for trial in the District Court on the 9th of March, 1888, but was not reached on the calendar until the 12th. Neither the plaintiffs nor their attorneys appeared on the day of trial, and a judgment in accordance with the verdict of a jury was rendered in favor of the defendant. On the 17th of March the plaintiff, Briscoe, moved to set aside the said judgment on the ground of "mistake, inadvertence, surprise, and excusable neglect." The evidence upon which the motion was heard and overruled was substantially as follows: On the 5th or 6th of March, Briscoe's attorneys mailed, in the town of his residence, a letter, notifying him that unless he settled his account with them they would withdraw from his suit. He received this letter on the 10th of March, and had time within which to attend to his interests, but took no action in the premises. *Held*, that the plaintiff Briscoe's negligence was not of the excusable character contemplated by the statute. (Comp. Stats. div. 1, § 116.)

*Appeal from the First Judicial District, Jefferson County.*

STATEMENT.

This suit was instituted in Jefferson County for the purpose of enjoining the defendant from cutting timber upon a mill site alleged to have been owned by appellants, and from destroying a water ditch. An injunction was granted. Defendant appeared and answered, denying appellants' title or right to the mill site, and alleging a possessory right to the premises, by virtue of two

certain quartz lode mining claim locations, made prior to the location of said mill site, and, by way of cross-complaint, alleging that appellants had trespassed thereon and damaged defendant in the sum of five hundred dollars.

The case was regularly put at issue, and by consent of counsel for the respective parties, was set for trial on the ninth day of March, A. D. 1888. It was tried on the twelfth day of March, A. D. 1888, at which time appellants were not present, nor were they represented by counsel. A jury was called, and the defendant introduced proofs. The trial resulted in a verdict and judgment for defendant, in the sum of five hundred dollars damages and costs, and also a decree as prayed for in his answer.

On March 17, 1888, an application was made by appellants to be relieved from this judgment. This application was based upon the affidavit of John O. Briscoe, one of the appellants. Defendant, upon the hearing of this application, introduced parol proof to contradict the allegations of this affidavit. The court refused to set aside the judgment, whereupon this appeal was taken.

*Wade, Toole & Wallace,* for Appellants.

No brief on file.

*Carter & Clayberg,* for Respondent.

The granting or refusal of this motion was discretionary with the court, and unless this discretion was abused, the order will not be reversed. (*Lamb* v. *The G. & S. G. & S. M. Co.* 1 Mont. 64; *Donnelly* v. *Clark,* 6 Mont. 135; *Lowell* v. *Ames,* 6 Mont. 187; *Bailey* v. *Taaffee,* 29 Cal. 424; *Coleman* v. *Rankin,* 37 Cal. 247.) Appellants must show to the satisfaction of this court that the judgment was taken against them "through their mistake, inadvertence, surprise, or excusable neglect." (Comp. Stats. div. 1, § 116.) Judge Sprague, in the case of *Coleman* v. *Rankin,* 37 Cal. 249, uses language which so neatly fits this case, that we adopt it as a portion of our argument. He says: "The affidavit of the applicant, so far from disclosing a reasonable excuse for his neglect, tends rather to disclose a degree of negligence, carelessness, and lack of diligence, hardly to be predicated of a prudent business man, in a matter involving his *bona fide* claim of title

to valuable real estate." The language used by Judge Wade, in the case of *Lowell* v. *Ames,* 6 Mont. 136, is equally pertinent. It is to be further remembered that it is not the mistake, inadvertence, surprise, or excusable neglect of his counsel, which will enable a party to have the judgment vacated. (*Smith* v. *Tunstead,* 56 Cal. 175; *Haight* v. *Green,* 19 Cal. 118; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Ekel* v. *Swift,* 47 Cal. 620.) We submit that the court below did not abuse his discretion in refusing to vacate the judgment, and that the judgment should be affirmed with costs.

DE WOLFE, J.—Appeal from an order of the First Judicial District Court refusing to vacate and set aside a judgment rendered against plaintiffs on the alleged ground of "mistake, inadvertence, surprise, and excusable neglect." The action was for damages for an alleged trespass by defendant in cutting timber on the premises claimed by plaintiffs as a mill site, and for an injunction to restrain the commission of further waste. The answer denied the ownership by plaintiffs of the premises, and asserted the ownership of defendant under and by virtue of the location thereof as a quartz mining claim. It also contained a counter-charge of trespass against plaintiffs and claim of damages therefor, and prayer for an injunction to restrain the commission of further waste by plaintiffs. The issues being framed, the cause was set for trial on the ninth day of March, 1888, being one of the days of the regular March term of said court for the county of Jefferson. The case, however, was not reached until the twelfth day of March, on which day the defendant appeared and was ready for trial. No one appearing for plaintiffs, a jury was impaneled, and testimony offered on the part of defendant, and the cause was duly submitted; afterwards the jury brought in a verdict in favor of defendant, for five hundred dollars and costs; judgment was entered in conformity with the verdict, and a decree entered which adjudged the defendant to be the owner of the premises in controversy, and enjoined plaintiffs from the commission of further waste and trespass on the property. On the 17th of March the plaintiff, John O. Briscoe, filed the motion to set aside the judgment, on the grounds before stated, and filed his affidavit in support thereof.

The substance of this affidavit is that the plaintiff, John O. Briscoe, engaged the law firm of Wade, Toole, and Wallace to attend to this litigation on behalf of the plaintiffs, and relied on their doing so until he received a notice from them on the tenth day of March, announcing that they would withdraw from the case unless he settled his indebtedness with that firm before the time fixed for trial; that this was the first information that he had that the cause was set for trial.

The evidence of both Mr. Wallace and Mr. Wade is somewhat more explicit as to the facts, and the connection of their firm with the case. Both of these gentlemen testify that Mr. Briscoe was notified through the postoffice at Helena, where he resides, on the 5th or 6th of March, that unless he called and made some satisfactory adjustment of his account with their firm prior to the time set for the trial of the cause, the firm would withdraw from the case. And Mr. Wallace further states that he afterwards returned to Boulder City where the court was being held, and was present on the 9th of March when the case was called for hearing, and as Mr. Briscoe had not called on them, or complied with their request to pay or settle his account with their firm, he then withdrew their appearance as attorneys in the case. Neither the affidavit of Mr. Briscoe, nor the testimony of either Messrs. Wallace or Wade, sheds any light upon the failure of Mr. Briscoe to get their letter before the 10th of March; but Mr. Wallace testifies positively to the deposit of the letter in the postoffice not later than the 6th of March, and that Mr. Briscoe was then in Helena. But as he admits receiving the letter on the morning of the 10th of March, as a man diligent and attentive to his own interests, he should at once have called on his former attorneys, and come to some understanding with them about further attention to the case, or otherwise employed other attorneys to attend to it; as the case was not tried until the 12th, ample time was afforded after he received the notice to have employed new counsel, if he failed to make satisfactory arrangements with his former counsel. From his own statement he took no action when informed by his attorneys of their intention to withdraw from his case, unless, prior to the time fixed for trial, he made some satisfactory adjustment of his account with them, but

waited until the case was tried, and then went to them and expressed his indignation at their course; his indignation was too late.

Without holding, as some of the cases in California do, that the neglect of an attorney, whether from sickness or other cause, furnishes no ground for vacating or setting aside a judgment rendered through such neglect, we do not think this a case arising from the neglect of the attorneys of plaintiff, but rather from the neglect or inattention of the plaintiff himself; and the neglect was not of that excusable kind contemplated by the statute. The law favors the diligent and not those who slumber on their rights.

The language of the Supreme Court of California, in the case of *Coleman* v. *Rankin*, 37 Cal. 249, is especially pertinent and applicable to the facts of this case. In that case, in reviewing an order similar to the present one, the court said: "The affidavit of the applicant, so far from disclosing a reasonable excuse for his neglect, tends rather to disclose a degree of negligence, carelessness, and lack of diligence hardly to be predicated of a prudent man of business in a matter involving a *bona fide* claim to a valuable real estate."

The granting or refusing a motion like this is left largely to the discretion of the judge before whom the cause is tried; and from all the facts of this case, we are of opinion that there was no abuse of discretion in overruling the motion to vacate the judgment.

The order made by the court is therefore affirmed with costs.

*Judgment affirmed.*

BACH, J., and LIDDELL, J., concur.