ROY SIMONS, Plaintiff and Appellant, v. HERMAN M. KELLER, Defendant and Respondent.

No. 10022.

Submitted February 9. 1960. Decided March 21, 1960.

350 Pac. (2d) 366.

Harold F. Smith, Kalispell, argued orally for appellant.

Measure & Salansky, James M. Salansky, Kalispell, for respondent. James M. Salansky argued orally.

THE HONORABLE LESTER H. LOBLE, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, delivered the Opinion of the Court.

This is an appeal from an order granting a motion to set aside a default judgment under the provisions of section 93-3905, R.C.M. 1947. Plaintiff entered defendant's default just three days after his time for appearance had expired and without notice to him.

On October 20, 1958, plaintiff filed a complaint in the district court of the eleventh judicial district, in and for the County of Flathead, wherein it was alleged, in substance, that defendant offered to sell to the plaintiff a tractor which defendant fraudulently represented was his own property when he was aware that the tractor was actually the property of one Burl Drollinger and mortgaged to one John Slack; that plaintiff relied on defendant's representations of ownership and agreed to purchase the same and thereafter paid the sum of $1,610; that defendant refused to execute a bill of sale therefor; and that on September 6, 1958, the mortgagee, John Slack, repossessed the tractor, causing damage to the plaintiff in the sums of $1,610, the purchase price paid; $340 expended as improvements on the tractor; and $3,500 for loss of use.

Complaint and summons were served on defendant on October 20, 1958. Defendant failed to make an appearance within twenty days and default was entered on November 12, 1958. Trial was had on the 13th of November wherein no appearance was made on behalf of defendant, and on November 14, 1958, judgment was entered for plaintiff.

On November 25, 1958, defendant filed a motion to vacate the judgment on the grounds that the judgment was entered through his mistake, surprise, inadvertance, and excusable neglect. Along with the motion to vacate, defendant filed his affidavit of merits wherein he set forth the facts which purportedly show his mistake, surprise, inadvertence and excusable neglect, and also which purport to constitute his defense to plaintiff's action.

Defendant filed his counter-affidavit, in opposition to plaintiff's motion. Hearing was had on the motion on December 2, 1958, and on December 17, 1958, defendant's motion to vacate the judgment was granted. From the order granting the motion, plaintiff appeals.

The only question involved here is whether the trial court erred in vacating the default judgment taken against the defendant.

Section 93-3905, R.C.M. 1947, which is the statutory authority for the motion to vacate a default judgment provides, in part, that the "court * * * may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

In Cure v. Southwick, 137 Mont. 1, 349 Pac. (2d) 575, 580, the principles pertinent to the application of this statute were stated. This court there said:

"Also, this court has declared many times that default judg-

ments are not favored; that although slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal, only in exceptional cases will this court disturb the action of a trial court in reopening a default; that when a motion is made and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion. Worstell v. Devine, 135 Mont. 1, 335 Pac. (2d) 305; Holen v. Phelps, 131 Mont. 146, 308 Pac. (2d) 624; Waggoner v. Glacier Colony of Hutterites, 127 Mont. 140, 258 Pac. (2d) 1162; Nash v. Treat, 45 Mont. 250, 122 Pac. 745.''

The plaintiff urges that the vacating of the judgment was error in that the neglect shown by defendant was not excusable under section 93-3905, R.C.M. 1947, and that defendant's affidavit in support of his motion did not contain facts constituting a defense nor did he submit a proposed answer containing the same.

In his affidavit of merits, defendant stated that he had previously discussed the matter with the plaintiff and plaintiff's attorney, Mr. Smith, and the mortgagee, Mr. Slack, and he was of the opinion that an attempt was being made by all parties to locate Mr. Drollinger to see if an explanation could not be obtained in regard to the confusion of title to the tractor. Defendant also stated that all of the said parties were well known to each other and he understood that no definite decision would be made in regard to the matter until Mr. Drollinger had been contacted. Affiant stated that he was under the impression that he had further time within which to protect himself and did not make an appearance within the twenty days since he was busy with other matters of his business which took him out of town for several days, and, further that he was surprised that the default was entered since he had understood that no such action would be taken until an effort had been made to find out exactly who did own the tractor.

That which defendant sets forth as mistake and excusable

neglect in his affidavit of merits is of same nature as that which was set forth in Waggoner v. Glacier Colony of Hutterites, 127 Mont. 140, 148, 258 Pac. (2d) 1162, 1166, as grounds for setting aside a default. In the Waggoner case it was stated: "Promptly upon being served with complaint and summons the leaders of the defendant association went to the office of the attorneys whose names were endorsed on the complaint as attorneys for plaintiff. As a result of the conversation with Mr. Moore, one of the attorneys for plaintiff, the members of the association having the business in hand, received the impression that the plaintiff's attorneys would investigate the truth of their assertions and that if found correct, the plaintiff's attorneys would bring another action against the Elm Spring colony, which they considered was the proper party. It is very apparent that the impression which they received from the conversation with plaintiff's attorney was that it would not be necessary for them to see an attorney. We know that laymen, especially those of meager understanding of legal processes and matters, are often misled and often get an entirely different meaning and idea from such a conversation than does one who is trained in the legal field."

We think the showing that defendant was under the impression that the matter would not be pressed until the true state of title was determined from Mr. Drollinger and that therefore no appearance was made is a sufficient showing of mistake and excusable neglect to move the discretion of the trial court in setting aside the default.

Defendant further stated in his affidavit of merits, as a matter of defense to plaintiff's action, that he did not offer to sell the tractor with intent to deceive or defraud, nor did he falsely represent to plaintiff that the tractor was his property. Defendant denied plaintiff paid the sum of $1,610 but alleged that $235.25 is still due and owing. Defendant affirmatively alleged also that the plaintiff urged the defendant to acquire the tractor for plaintiff; *"that plaintiff knew at*

*the time that said property was mortgaged by the then owner Burl Drollinger to John Slack; and that said Burl Drollinger told defendant that said mortgage was fully paid and discharged; that plaintiff worked for said John Slack and was personally acquainted with said John Slack and said Burl Drollinger, and he was in as good position as defendant to know the condition of ownership of such tractor."* Emphasis supplied.

In his affidavit of merits, defendant here set forth a prima facie defense to plaintiff's action for fraudulent representation by alleging that plaintiff knew the state of the title of the tractor in dispute, knew it was mortgaged, and urged defendant to acquire it for him. Therefore, the trial court did not err in granting the motion to vacate for any failure of a defense being stated.

It is appropriate to quote from Mr. Justice Adair's concurring opinion in Worstell v. Devine, supra, 135 Mont. 1, 335 Pac. (2d) 305, 308, wherein he said: "Be not too hasty in taking the default of a litigant represented by counsel, nor too tenacious in hanging on to such an advantage once gained. Next time it may be your client who is in default and you may be the petitioner for relief."

For the reasons stated, the order is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES ADAIR and CASTLES concur. Mr. Justice Angstman being absent took no part in the hearing or determination of the appeal.