HUSKY HI POWER, INC., Plaintiff and Respondent, v. NORMAN SCHMIDT and RUBY H. SCHMIDT, Husband and Wife, TOBIAS REINHART and EMMA REINHART, Husband and Wife, Defendants and Appellants.

No. 10413.

Submitted May 27, 1962. Decided June 8, 1962.

372 P.2d 142.

Erickson and Richards, Helena, Leif Erickson (argued orally), Helena, for appellants.

Otto Habedank (argued orally), Sidney, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from an order entered in the District Court of Dawson County. Plaintiff foreclosed its mortgage on several parcels of land belonging to the defendants and a judgment of foreclosure was duly entered and the sale of the mortgaged property was ordered. The sheriff, pursuant to the judgment on September 20, 1960, sold the property to the high bidder, the plaintiff. The sheriff made his return on foreclosure on September 22, 1960, wherein he set forth:

"* * * I attended at the time and place fixed for said sale and offered the said premises for sale in separate parcels, but there being no bids therefor, the same property was offered for sale and sold in one parcel at public auction, according to law * * *."

On September 17, 1961, defendants made a motion to vacate and set aside the sheriff's sale on the ground that the property was sold in one parcel and not offered for sale in separate parcels. The motion stated that it was made and based upon the judgment roll and all papers, minutes, proceedings and matters had subsequent thereto, and upon oral testimony to be produced at the hearing herein. A motion to stay issuance of the sheriff's deed was also made which was granted by the court pending further hearing on the motion to vacate and set aside the sale.

In the record appears an affidavit, by the person who had been sheriff and as such officer had conducted the sale, executed on September 18, 1961, wherein he averred: "* * * that I did not on September 20, 1960, at said sale offer to sell the property in separate parcels or in separate lots, that I did offer the property for sale only once and at that time I offered all of said property in one group."

On October 5, 1961, counsel for the defendants in the foreclosure action executed an affidavit to the effect that he was present during the sale and that the sheriff did not offer the property in separate parcels or lots.

On October 30, 1961, counsel for plaintiff in the foreclosure action executed an affidavit to the effect that the sheriff did at his request ask for bids for each separate parcel and received no bids and then requested bids for the entire property in one parcel. Further, that counsel for the defendants was present at the time of the sale and to the best recollection of affiant he advised such counsel that unless separate bids were obtained for any given tract affiant intended to bid the property in, in one parcel.

On or about October 30, 1961, plaintiff filed a motion to quash the order staying issuance of the sheriff's deed. In this motion it is alleged, among other things, that the plaintiff has never refused to permit a redemption of any of the parcels upon payment of the reasonable market value thereof; that defendants had occupied the properties since issuance of the certificate of sale and paid no rental therefor; that defendants had failed to keep the first mortgage liens against the property in a current status; had failed to pay all of the taxes accruing since the issuance of the certificate of sale; that at no time until the application for the order restraining the sheriff from issuing the deed had defendants or their counsel ever objected to the sale of the property, nor made any request for an opportunity to redeem the parcels at the reasonable market value thereof. It further appears therefrom that the complaint in the action was first filed on December 23, 1957, and defendants have remained in possession and control of the properties ever since without payment of rental.

On November 8, 1961, the court denied the motion to vacate the sheriff's sale on foreclosure. On December 14, 1961, defendants appealed.

Defendants contend that the court erred in making its order denying the motion to vacate the sale on foreclosure.

Section 93-5826, R.C.M.1947, dealing with sale of property under execution provides in part:

"* * * and when the sale is of real property, consisting of several known lots or parcels, they must be sold separately * * *. The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such instructions."

R.C.M., § 16-2707, provides:

"The return of the sheriff, upon process or notices, is prima facie evidence of the facts in such return stated."

Defendants contend that there is no question that the sale was not conducted in accordance with the provisions of section 93-5826, supra, and that their motion was timely made.

As to the first contention the District Court had before it a sheriff's certificate of sale and an affidavit of the former sheriff executed by him, we were advised on oral argument, after he had left the office, in which he states he did not do what the law required of him and which when an officer he officially said he did. The affidavit of counsel for the defendants avers he was personally present during the sale and that the sheriff did not offer the property in separate parcels or lots. The affidavit of counsel for the plaintiff avers he was personally present during the sale and requested the sheriff to ask for bids for each separate parcel and no bids being received it was sold in one parcel.

This court has held that a sheriff's return may be overcome by other evidence. State ex rel. Merrell v. District Court, 72 Mont. 77, 231 P. 1107; Commercial Bank & Trust Co. v. Jordan, 85 Mont. 375, 278 P. 832, 65 A.L.R. 968; Silfvast v. Asplund, 99 Mont. 152, 42 P.2d 452.

In a consideration of the proof before the court in support of the motion it certainly should be clear, unequivocal and convincing in order to set aside a return and overcome its statements and recitals. See 72 C.J.S. Process, § 102b, p. 1144.

It must be remembered that the office of sheriff is an important one and provided for in our Constitution. (Art. XVI, § 5.) Under section 16-2702, he must "Serve all process or notices in the manner prescribed by law" and certify under his hand the manner and time of doing so. For his failure to return a notice or process he is liable for damages. Section 16-2708.) For a failure to give notice when selling property under execution he may be required to forfeit $500 in addition to the actual damages to the aggrieved party. (Section

93-5825) He, like all county officers, must take an oath of office.

The burden of proof was upon the movant. The former sheriff's affidavit did not contain even the barest excuse, no explanation, no suggestion of any mistake or omission in the return which he executed and filed. This type of proof is not the clear, unequivocal and convincing evidence necessary to set aside a return executed by a constitutional officer in the course of his official duties. Neither do the other affidavits filed by the defendants furnish that degree of proof.

We have reviewed the entire transcript and noted particularly that while the motion stated oral testimony would be produced at the hearing, none was ever offered and the hearing was held upon the affidavits filed and with the exception of one affidavit executed on September 18, 1961, they were all executed more than a year after the return, and we cannot say that the District Court abused its discretion in denying the motion.

Because our holding disposes of the matter it is not necessary to determine whether or not the motion was timely made.

The order of the District Court is affirmed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.