RAY SEWELL, Plaintiff and Respondent, v. BEATRICE FOODS CO., a Corporation, and EDDIE O. HOFLAND, Defendants and Appellants.

No. 10783.
Submitted November 9, 1964. Decided March 30, 1965.
Rehearing denied April 28, 1965.
400 P.2d 892.

338

Loble & Picotte, Henry Loble (argued), Helena, for appellants.

Rankin & Acher, Wellington D. Rankin (argued), Arthur Acher (argued), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal by the appellant, Beatrice Foods Co., from a denial by the district court of a motion to set aside a default judgment entered on July 12, 1963, by Judge Victor H. Fall in the district court of Lewis and Clark County, to permit the appellant to file its answer and defend on the merits and present its defense to the action.

The judgment is in the sum of $15,000 resulting from injuries suffered by the respondent, Ray Sewell, who was a guest passenger in a truck, the property of the appellant, Beatrice Foods Co., which truck driven by an employee, Eddie O. Hofland, of the appellant, was overturned seventeen miles south of the town of Cascade on July 13, 1956.

The respondent filed his complaint in the district court of Lewis and Clark County on November 13, 1956.

The complaint alleged several acts of negligence on the part of the driver of the truck, Eddie O. Hofland, including intoxication, which resulted in personal injuries suffered by the respondent.

The prayer was for the sum of $35,000.

Summons was issued on the same date, November 13, 1956, and the complaint and summons were alleged to have been served upon the appellant, Beatrice Foods Co., by a deputy sheriff, R. J. Burley of Cascade County on December 4, 1956, by delivering summons and complaint to Paul McClure as District Manager for the appellant.

The deputy sheriff also personally served the summons and complaint on Eddie O. Hofland on December 8, 1956. The deputy sheriff certified the service in each instance and the return of the service was filed on March 14, 1957.

On March 14, 1957, counsel for plaintiff filed a praecipe for default in the district court and requested entry of the default of appellants, which praecipe was accompanied by the affidavit of one of respondent's counsel.

On July 12, 1963, some seven years after the accident respondent obtained a default judgment against the appellant corporation and Hofland in the sum of $15,000 with interest at six percent and costs in the amount of $11.50.

On October 7, 1963, attorneys for the respondent requested an execution which was issued and on October 8, 1963, respondent attempted to levy on appellant's bank account in Great Falls, Montana. The record indicates that this was the appellant's first knowledge of the litigation.

On October 10, 1963, appellant Beatrice Foods filed with the lower court a motion to set aside the default and default judgment, together with a notice of motion and supported by an affidavit of Paul McClure as district manager for the appellant. Also filed was a proposed answer of the appellant.

On December 18, 1963, hearing was had on appellant's motion to set aside the default and default judgment. Testimony was

adduced from Mr. McClure for the appellant and Ray Sewell, respondent and Deputy Sheriff R. J. Burley testified for the respondent. Exhibits were offered and admitted.

On January 2, 1964, the trial court made an order denying the motion of the appellant, Beatrice Foods Co., to set aside the judgment. From this order, Beatrice Foods Co. has appealed.

Appellant cites one specification of error, namely, that the trial court erred in denying the motion of the appellant to set aside the default and default judgment of July 12, 1963, and in failing to permit appellant to file its answer and to appear and defend the action.

This court has many times enunciated the rule relating to relieving a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or other excusable neglect. R.C.M. 1947, § 93-3905, repealed by Chapter 13, Laws of 1961.

By the adoption of the Montana Rules of Civil Procedure, the prior decisions of this court were not abandoned. Hence, the rule was and is as stated in White v. Connor, 138 Mont. 1, 15, 354 P.2d 722, where quoting from Cure v. Southwick, 137 Mont. 1, 349 P.2d 575, this court said: " 'Also, this court has declared many times that default judgments are not favored; that although slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal, only in exceptional cases will this court disturb the action of the trial court in reopening a default; that when a motion is made and is supported by a showing *which leaves the court in doubt* or upon which *reasonable minds might reach different conclusions*, the doubt should be resolved in favor of the motion. Worstell v. DeVine, 1960, 135 Mont. 1, 335 P.2d 305; Holen v. Phelps, 131 Mont. 146, 308 P.2d 624; Waggoner v. Glacier Colony of Hutterites, 127 Mont. 140, 258 P.2d 1162.' "

From the year 1888, when this court ruled in Briscoe v. McCaffery, 8 Mont. 336, 20 P. 691, there has been and still is complete unanimity in the decisions of this court that a mo-

tion to set aside a default judgment must contain facts so that the court may resolve the question as to whether mistake, inadvertence, surprise or excusable neglect is the fact in contemplation of the statute. The basic and fundamental duty of the court is to aid the furtherance of justice and that every litigant shall be permitted to enjoy his day in court. This is the principle that motivates the liberal construction of this rule of law, and further frowns on default judgments.

As is observed in Schalk v. Bresnahan, 138 Mont. 129, 132, 354 P.2d 735: "In recent cases, Worstell v. DeVine, 135 Mont. 1, 335 P.2d 305; Cure v. Southwick, 137 Mont. 1, 349 P.2d 575; and Simons v. Keller, 137 Mont. 52, 350 P.2d 366, this court has gone a long way in permitting the opening of defaults * * *."

With these rules concerning opening of default judgments in mind, we look to the record here. The sheriff's return shows service. The defendant's agent testifies positively and gives supporting details.

R.C.M.1947, § 16-2707, provides: "The return of the sheriff, upon process or notices, is prima facie evidence of the facts in such return stated."

In Husky Hi Power, Inc. v. Schmidt, 140 Mont. 353, 356, 372 P.2d 142, this court said:

"This court has held that a sheriff's return may be overcome by other evidence. State ex rel. Merrell v. District Court, 72 Mont. 77, 231 P. 1107; Commercial Bank & Trust Co. v. Jordan, 85 Mont. 375, 278 P. 832, 65 A.L.R. 968; Silfvast v. Asplund, 99 Mont. 152, 42 P.2d 452.

"In a consideration of the proof before the court in support of the motion it certainly should be clear, unequivocal and convincing in order to set aside a return and overcome its statements and recitals. See 72 C.J.S. Process § 102b, p. 1144. * * *

"The burden of proof was upon the movant. The former sheriff's affidavit did not contain even the barest excuse, no explanation, no suggestion of any mistake or omission in the

return which he executed and filed. This type of proof is not the clear, unequivocal and convincing evidence necessary to set aside a return executed by a constitutional officer in the course of his official duties. Neither do the other affidavits filed by the defendants furnish that degree of proof."

Thus, it is seen that to set aside a return and overcome its statements and recitals requires more than a little proof, it must be clear, unequivocal and convincing.

Standing alone, the most positive assertion by a person that he was not served would not suffice. But we predicate our discussion upon the facts here, where a long, unexplained delay in asserting a legal right, viz., the complaint for damages, amounts to what under other circumstances would invoke the doctrines of laches or estoppel. It is interesting to note, that although appellant's brief asserts that the unexplained delay gives rise to evidence against the justice of the right asserted (as stated in 30 C.J.S. Equity § 166), respondent's brief does not answer nor did his oral argument.

Here, even the sheriff's return, relied upon for its prima facie presumption of correctness, was not filed as required by R.C.M.1947, § 93-3020, within fifteen days, but rather was filed March 14, 1957, after service allegedly had on December 4 and December 8, 1956.

Prior to the adoption of the Rules of Civil Procedure, R.C.M. 1947, § 93-4705, subd. (6), provided for mandatory dismissal of a case when a party entitled to judgment neglected to demand and have the same entered for more than six months. Although this statute was held not applicable to cases for unliquidated damages, such as here (Smotherman v. Christianson, 59 Mont. 202, 195 P. 1106; Batchoff v. Butte Pacific Copper Co., 60 Mont. 179, 198 P. 132), the statute has been held applicable in some default cases as in State ex rel. Stiefel v. District Court, 37 Mont. 298, 96 P. 337.

Extending this reasoning, we believe the unexplained delay in asserting the right does give rise to evidence against the

justice of the right asserted, and that as applied to the instant case, in determining whether the evidence to overcome the prima facie presumption of regularity of the sheriff's return, is clear, unequivocal and convincing, that the unexplained long delay becomes evidence in and of itself such as to raise a doubt in reasonable minds as to whether there was service in fact.

Appellant, Beatrice Foods, by and through its district manager, Paul McClure, on October 10, 1963, asserted under oath that on and before December 4, 1956, he was the statutory agent for the appellant Company; that he was never personally served with summons and complaint or with any other process in connection with said action; that he had caused a search of any record, mailing or transmittal of any process, summons or complaint of the company records, although such records are always made, kept and preserved in the regular course of his company's business, and that affiant's ten office employees, none of whom were authorized or legally competent to accept service of process had any knowledge or recollection of this suit or the effort to serve the Company; that the other defendant, Eddie O. Hofland never in any manner informed the appellant of this litigation and that the first knowledge that appellant had of the suit was on October 8, 1963, when execution was attempted on the bank account of the appellant at Great Falls. Hofland, the driver, had been fired for violating the Company rules.

Mr. McClure also related sometime, shortly after the accident, the plaintiff or someone who represented himself as that person, called him by telephone and asked for payment of $60.00 for a hospital bill, but that McClure refused. Mr. McClure, then, was alerted to a possible lawsuit and would, by reason of the position he held and as his testimony indicated, know whether any service was had.

By contrast to this positive affirmative testimony of Mr. McClure, the testimony of Mr. R. J. Burley, then and now, a deputy sheriff of Cascade County, who is alleged to have served

344

the summons and complaint on Mr. McClure, personally on December 4, 1956, was offered. At that time, in 1956, Mr. Burley had been a deputy sheriff about a year and worked part-time serving papers. Burley relied on the record only. He did not know McClure personally and could not remember the service. Burley had no independent recollection of the service. This, of course, is natural after such a long lapse of time.

As this court said in Union Bank and Trust Co. of Helena v. State Bank of Townsend, 103 Mont. 260, 270, 62 P.2d 677, 682, "We do not think our laws were intended for the accomplishment of such delays and vexations, nor that the courts should lend themselves to the furtherance of procrastination. The law is neither a lottery nor a game of patience." The Rules of Civil Procedure continue and accentuate this doctrine.

Considering the long period of time, the faulty memory of man, the desire for speedy determination of litigation, the positive testimony of the moving party as to a lack of service and the lack of explanation for the delay of the respondent, we believe the proof sufficient to be clear, unequivocal and convincing, so that a default taken under the circumstances should be set aside, and the failure to do so for a trial upon the merits is that slight abuse of discretion sufficient to justify a reversal of the order. See Cure v. Southwick, 137 Mont. 1, 349 P.2d 575, supra, and Patterson v. Patterson, 120 Mont. 127, 130, 179 P.2d 536.

Opposed to this, respondent cites us to Gilliland v. Palatine Ins. Co., Ltd., 59 Mont. 267, 270, 196 P. 151. In that case the complaint was filed on October 18, 1917, summons issued the same day, and on October 24, a return made showing that one Ball was personally served. On November 24, 1917, praecipe for default was filed and on December 15, 1917, judgment entered. On December 27, 1917, motion to quash the service of summons and to set aside the default was filed. A hearing was held and the deputy sheriff testified even to details of personal service. This was disputed, but the problem was credi-

bility of the witnesses. In the Gilliland case, the entire matter occurred within slightly more than two months. The Court there held that the proof was not sufficient to overcome the statutory presumption accorded to official acts upon the filing of the return. The Court there said:

"* * * Before the district court could rightfully set the default aside, proof must have been adduced satisfactory in credibility and sufficient in weight, not only to overcome this presumption, but the oral testimony of the officer as well. This the trial court held the defendant had not done. Had its finding been based upon the affidavits alone, we might have been free to say that the testimony of one witness ought to prevail over that of another; or that, upon the whole case, our opinion was not at one with the trial court upon the preponderance of the evidence."

It can readily be seen that in the instant case, Mr. McClure, the appellant's district manager, positively recalls that he was not served at all, and his company records bear him out. Deputy Sheriff Burley, on the other hand, admits that he does not independently remember whether he served McClure, which of course is natural after such a period of time. This is far different than in the Gilliland case, supra.

For the foregoing reasons, the order refusing to set aside the default and the default judgment is reversed and the defendant allowed to appear in the action and to offer its defense. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, ADAIR and CASTLES concur.