**FILED**

October 15 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0260

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 303N

IN RE THE MARRIAGE OF

DEREK M. JONES,

      Petitioner and Appellee,

  v.

TAWNY FISHER-JONES,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 12-1064
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tawny Fisher-Jones (Self-Represented); Billings, Montana

      For Appellee:

          Derek M. Jones (Self-Represented); Billings, Montana

Submitted on Briefs:  September 26, 2013
Decided:  October 15, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tawny Fisher-Jones appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying her motion to set aside decree. We affirm.

¶3 The issue presented on appeal is whether the District Court abused its discretion in denying Fisher-Jones's motion to set aside the decree.

¶4 Fisher-Jones and Derek Jones were married in 2004 and have four children. Fisher-Jones is currently incarcerated at the Montana Women's Prison. On September 18, 2012, Derek Jones petitioned for dissolution of the marriage. A sheriff's return of service indicates that on September 19, 2012, Civil Officer Curtis Gibbs personally delivered to Fisher-Jones at the Montana Women's Prison a "summons and temporary economic restraining order, petition for dissolution of marriage, petitioner's declaration of assets, debts, income and expenses and petitioner's proposed parenting plan." Fisher-Jones alleges that she was never personally served with any of these documents, and instead became aware of the dissolution proceeding only in "mid-October."

¶5 A default was entered October 12, 2012, and the final decree of dissolution was entered October 17, 2012. Fisher-Jones moved to set aside the decree. The District

Court denied her motion on December 4, 2012, finding that her claim of lack of service was refuted by the sheriff's return. On January 4, 2013, Fisher-Jones moved again to set aside the decree, specifically citing M. R. Civ. P. 60(b). Her second motion restated her claim of lack of service, but added no new support. That motion was also denied.

¶6 This Court will reverse the denial of a motion to set aside a default judgment for only a slight abuse of discretion. *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, ¶ 14, 370 Mont. 103, 304 P.3d 375. The party seeking to set aside the default judgment bears the burden of persuasion. *Wittich*, ¶ 14.

¶7 A default judgment may be set aside due to surprise, if the judgment is void, or for any other reason that justifies relief. M. R. Civ. P. 55(c); M. R. Civ. P. 60(b). A judgment is void if the respondent is not properly served. *Nikolaisen v. Adv. Transformer Co.*, 2007 MT 352, ¶ 16, 340 Mont. 332, 174 P.3d 940. A sheriff's return of service "is prima facie evidence of the proof of the process or notices having been served as stated." Section 25-3-302, MCA. The statements in the sheriff's return of service may be overcome by proof that is "clear, unequivocal and convincing." *Sewell v. Beatrice Foods Co.*, 145 Mont. 337, 342, 400 P.2d 892, 894 (1965). Without more, the assertion of an individual that he or she was not served, no matter how confident, is not enough to meet this burden. *Sewell*, 145 Mont. at 342, 400 P.2d at 894.

¶8 Fisher-Jones alleges that she was not served with notice of the petition for dissolution. The sheriff's return clearly states that Fisher-Jones was personally served on September 19, 2012, by Officer Gibbs. Fisher-Jones has not presented anything other

3

than her own assertions to rebut the statements contained in the sheriff's return. This is not enough to establish the "clear, unequivocal and convincing" proof needed to overcome the sheriff's return. *Sewell*, 145 Mont. at 342, 400 P.2d at 894. The District Court concluded that Fisher-Jones had not demonstrated any grounds for relief under M. R. Civ. P. 60(b). We hold that the District Court's decision to deny her motion was not an abuse of discretion.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are ones of judicial discretion, and there clearly was not an abuse of discretion.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ LAURIE McKINNON

Justice Beth Baker, dissenting.

¶11 We have long recognized a strong preference for deciding cases on the merits rather than by default. *Steyh v. Steyh*, 2013 MT 175, ¶ 8, 370 Mont. 494, 305 P.3d 50. When a motion to set aside a default "is made and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion." *Sewell*, 145 Mont. at

4

340, 400 P.2d at 894. In *Sewell*, we reversed an order refusing to set aside the default based on the defendant's positive recollection that he had not been served and his company records that "bear him out." *Sewell*, 145 Mont. at 344, 400 P.2d at 896.

¶12     Here, Fisher-Jones is an inmate, without ready access to evidence "other than her own assertions" to rebut the prima facie showing of service. In her affidavit, her motion to set aside the decree, and her motion for relief under M. R. Civ. P. 60(b), Fisher-Jones vigorously disputed the return of personal service and claimed she had never been served. On appeal, she has suggested that there is evidence that would "bear [her] out," namely, "logs, records and [surveillance]" from the Montana Womens' Prison that would show whether or not the sheriff's deputy effected personal service. Given Fisher-Jones' assertions, the apparent availability of records from the Womens' Prison, and the fact that the result of the decree was to provide Fisher-Jones very little contact with her children and allocate to her an unclear but potentially significant amount of the parties' marital debt[1], I would hold that the District Court slightly abused its discretion by not at least giving Fisher-Jones an opportunity to demonstrate proof, if any she had, to rebut the return of service. I would remand the case with instructions for the District Court to hold a hearing on her motion to set aside the decree for lack of personal service.

/S/ BETH BAKER

---

[1] The parenting plan adopted by the District Court states "the respondent shall take all debt [accumulated] during the marriage." In the court's Final Decree of Dissolution, however, a $58,153.73 debt is allocated between the parties; the decree confusingly lists "Wife" but then "Petitioner" as responsible for $4,407.35, and "Husband" but then "Respondent" as responsible for $53,746.38. In this case, Fisher-Jones is the Respondent, so the actual allocation is unclear.

5