FILED

November 26 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0334

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 356N

IN THE MATTER OF:

S.C.G., S.P., and M.A.T.,

    Youths in Need of Care.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DN 12-03
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Julie Brown; Montana Legal Justice, PLLC; Missoula, Montana
(for Father M.T.)

    For Appellee:

        Timothy C. Fox, Montana Attorney General; Katie F. Shultz, Assistant
Attorney General; Helena, Montana

        Scott Twito, Yellowstone County Attorney; Billings, Montana

Submitted on Briefs: November 5, 2013
Decided: November 26, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 M.T. (Father) appeals the order of the Thirteenth Judicial District Court, Yellowstone County, terminating his parental rights to his three minor children, S.C.G., S.P., and M.A.T. Father argues a violation of his due process rights resulting from a lack of personal service of the petition to terminate his parental rights. We affirm.

¶3 Following a report from L.P., the mother of S.P. and M.A.T., that Father had assaulted her, the Department of Public Health and Human Services (Department) filed a petition on January 24, 2012, for emergency protective services, adjudication as a youth in need of care, and temporary legal custody for all three of the children. The Department served Father with the petition and order to show cause, and Father appeared for the show cause hearing on February 7, 2012. He stipulated to the order for emergency protective services. At a later hearing, Father stipulated to the adjudication of the children as youths in need of care and to the granting of temporary legal custody to the Department.

¶4 Father signed a treatment plan on June 8, 2012; the Department petitioned the court for permanent legal custody and termination of Father's parental rights with the

2

right to consent to adoption on October 9, 2012. Christa Anderson, the Department's child protection specialist assigned to the case, submitted an affidavit supporting the petition; her affidavit detailed Father's numerous instances of noncompliance with his treatment plan, including his failure to submit to urinalysis testing and his display of inappropriate behavior during supervised visits with his children. The court entered an order setting a hearing on the Department's petition for November 27, 2012.

¶5 The Department filed a Sheriff's return of service on November 19, 2012. The return of service, signed by civil officer Patrick Egan, states that on October 19, 2012, Egan personally served "a copy of said order setting hearing on petition for permanent legal custody and termination of parental rights with right to consent to adoption, petition and affidavit[,]" upon Father at Father's address. At the request of A.G., the mother of S.C.G., the court vacated the November 27 hearing and rescheduled the hearing for January 15, 2013. The hearing date was continued to February 19, 2013, on motion of the Department. The court sent each order changing the date of the termination hearing to Father's counsel of record.

¶6 On February 19, 2013, the court held the termination hearing as scheduled. Father's attorney appeared but Father did not. Father's counsel told the court that he had been unable to establish contact with Father after taking over the case from Father's previous counsel. Counsel raised no objections to a lack of notice given to Father. Anderson testified to the information contained in her affidavit and stated that Father had not been in contact with the Department since August of the previous year. On April 11,

2013, the District Court issued its findings of fact, conclusions of law and order terminating Father's parental rights. The court based the termination on Father's failure to complete his treatment plan, stating, "Based upon M.T.'s failure of all treatment plan tasks and lack of contact with [S.C.G., S.P., and M.A.T.] and the Department, M.T. has shown his conduct is highly unlikely to change . . . ." The court noted that Father was personally served notice of the first termination hearing scheduled for October 19, 2012.

¶7 Father now argues that there is no proof that he was served personally with the petition to terminate parental rights and that, without such service, his constitutional right to due process of law was violated. Whether a district court violated a parent's right to due process in a termination proceeding is a question of constitutional law for which our review is plenary. *In re T.S.B.*, 2008 MT 23, ¶ 20, 341 Mont. 204, 177 P.3d 429.

¶8 Due process requires that parents receive notice of a termination hearing. *In re A.E.*, 255 Mont. 56, 62, 840 P.2d 572, 576 (1992). Section 41-3-608, MCA, requires a court terminating parental rights to first "determine whether the provisions . . . relating to service of process have been followed." A Sheriff's return of service "is prima facie evidence of the proof of the process or notices having been served as stated." Section 25-3-302, MCA. This proof may be rebutted only by clear, unequivocal, and convincing evidence. *Sewell v. Beatrice Foods Co.*, 145 Mont. 337, 342, 400 P.2d 892, 894 (1965).

¶9 Father concedes that he did not attend the termination hearing and that his lack of service argument was not raised below. We generally do not address issues raised for the first time on appeal. *In re J.G.*, 2004 MT 104, ¶ 27, 321 Mont. 54, 89 P.3d 11. In certain

4

circumstances, however, we may invoke plain error review when the failure to review the alleged error may result in "a manifest miscarriage of justice or compromise the integrity of the judicial process." *In re D.A.*, 2008 MT 247, ¶ 33, 344 Mont. 513, 189 P.3d 631. "A mere assertion that failure to review the claimed error may result in a manifest miscarriage of justice . . . is not sufficient to implicate the plain error doctrine." *State v. Rovin*, 2009 MT 16, ¶ 29, 349 Mont. 57, 201 P.3d 780.

¶10 Father's argument for applying plain error review is hindered by his admission that he was served with the first scheduled date and time of the termination hearing. The order with which he admits being served clearly states that the court scheduled a hearing on "the Department's Petition for Permanent Legal Custody and Termination of Parental Rights with Rights to Consent to Adoption or Guardianship." Father had notice that the Department was seeking termination of his rights.

¶11 The record contradicts Father's assertion that the petition and affidavit were not served with the order setting the termination hearing. The Sheriff's return of service filed with the District Court attested to serving all three documents upon Father. The District Court found that Father properly was served and Father does not bring forth any evidence to rebut this presumption.

¶12 Father makes only broad assertions that injustice will result without review of his claimed lack of service. For the foregoing reasons, we conclude that Father has failed to demonstrate grounds for plain error review of his claim.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are controlled by settled Montana law. The District Court's acceptance of the Sheriff's return of service as proof that the petition to terminate Father's parental rights was served upon Father did not result in an injustice to Father for which plain error review is necessary. We affirm the District Court's order terminating Father's parental rights.

/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE