No. 97-498

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 88

299 Mont. 219

998 P. 2d 1163

IN RE THE MARRIAGE OF

JOHN E. BELL,

Petitioner and Respondent,

and

JEANNE M. BELL n/k/a

JEANNE M. NELSON,

Respondent.

and

SHARON L. BELL,

Intervenor and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Jefferson,

The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

**For Appellant:**

Eric Rasmusson, Boulder, Montana

**For Respondent:**

Jack H. Morris, Jardine & Morris, Whitehall, Montana

_____

Submitted on Briefs: October 21, 1999

Decided: April 11, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1.Appellant Sharon L. Bell, (Sharon) appeals from the Findings of Fact, Conclusions of Law, and Order of the Fifth Judicial District Court, Jefferson County, dismissing her Motion to Intervene and issuing a Court Deed naming Sharon as the grantor with John E. Bell (John) and Jeanne M. Bell n/k/a Jeanne M. Nelson (Jeanne) as grantees to hold certain real property as tenants in common.

¶2.We affirm.

¶3.Sharon raises the following issues on appeal:

¶4.I Did the District Court err by setting aside the amended decree of dissolution?

¶5.II Did the District Court err by finding that the property at issue is included in the marital estate?

¶6.III Was the District Court's dismissal of Sharon's status as an intervenor error constituting a denial of her constitutional rights?

STATEMENT OF FACT

¶7.On May 18, 1981, John and Jeanne purchased a piece of real property located in Jefferson County consisting of a house and out buildings on approximately 102 acres (the property). On May 17, 1983, the couple conveyed the property to John's mother, Sharon. On the same day, Sharon conveyed the property back to John and Jeanne. However, the Warranty Deed conveying the property from John and Jeanne to Sharon was not recorded until May 20, 1984. John filed for bankruptcy on July 27, 1984, and his debts were discharged by final decree on July 29, 1985. John did not record the Warranty Deed conveying the property from Sharon back to himself and Jeanne until November 17, 1987.

¶8.By May of 1990, John and Jeanne owed back taxes of approximately $6,000 on the property and it was in jeopardy of being sold at a tax sale. John and Jeanne were unable to obtain a loan due to their previous bankruptcy and arranged with Sharon to once again transfer the property into her name. Sharon was to then take out a loan to pay the taxes using the property as collateral. A Warranty Deed was executed by John and Jeanne on May 11, 1990, conveying the property to Sharon. The deed was recorded on May 14, 1990. Sharon borrowed $7,000 from a bank in Butte using the property as collateral and paid off the back taxes on the property.

¶9.On June 10, 1992, John and Jeanne filed, as co-petitioners, their verified Joint Petition for Dissolution. John testified at the hearing on the petition, but Jeanne was not in attendance. The Court granted the relief sought in the co-petition and entered its Findings of Fact, Conclusions of Law and Decree of Dissolution. The District Court amended its findings and conclusions on June 26, 1992.

¶10.On August 4, 1994, Jeanne filed her Motion to set aside the final judgment pursuant to § 40-4-135, MCA, and for an order "equitably distributing the assets of the marital estate." John filed his Petition to Modify Final Decree and his opposition to Jeanne's motion. The District Court heard oral argument on August 24, 1994, and again on August 3, 1995. On October 26, 1995, the court issued Findings of Fact, Conclusions of Law and an Order determining that the June 26, 1992 Amended Decree of Dissolution was vacated and set aside as far as it pertained to the real property at issue. The District Court ordered the May 11, 1990 deed from John and Jeanne as grantors to Sharon as grantee "void and of no further force and effect, subject only to right of the grantee, Sharon, to intervene . . . to assert her right, if any, to said property."

¶11.On January 25, 1996, Sharon applied to intervene in this action and the District Court granted her application on January 29, 1996. After another hearing on Jeanne's motion to set aside the decree of dissolution, on March 31, 1997, the District Court issued supplemental findings and an Order stating that its October 26, 1995 Findings of Fact, Conclusions of Law and Order "in all respects conforms with the evidence of fraud perpetuated upon the Court to deny Jeanne her interest in the marital real property." The Court then dismissed Sharon's Motion to Intervene and issued a Court Deed naming Sharon as the grantor and John and Jeanne as grantees to hold the property as tenants in common. Sharon now appeals from that order.

## STANDARD OF REVIEW

¶12.We review a district court's findings of fact to determine whether they are clearly erroneous. *State v. Wooster*, 1999 MT 22, ¶ 2, 293 Mont. 195, ¶ 2, 974 P.2d 640, ¶ 2 (citing *Interstate Production Credit v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287). We review a district court's conclusions of law to determine whether the interpretation is correct. *Cenex Pipeline L.L.C. v. Fly Creek Angus, Inc*., 1998 MT 334, ¶ 22, 292 Mont. 300, ¶ 22, 971 P.2d 781, ¶ 22 (citing *Carbon County v. Union Reserve Coal Co*. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.)

¶13.I Whether the District Court erred by setting aside the amended decree of dissolution.

¶14.Sharon contends that the District Court's Order setting aside the amended decree is error because Jeanne did not seek relief from the amended decree within 60 days of the judgment as required under Rule 60(b), M.R.Civ.P. Rule 60(b) allows the court to relieve a party from a final judgment, order, or proceeding for "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . ." Rule 60(b)(3), M.R.Civ.P. Sharon argues "it is clear that the court deemed this omission to be intrinsic fraud" and under Rule 60(b)(3), Jeanne's motion to set aside the decree is untimely. She claims that as a result, this matter must be analyzed under the "residual clause" of Rule 60(b) as fraud on the court. That clause provides:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

Rule 60(b), M.R.Civ.P.

¶15.Jeanne responds that under Rule 77(d), notice of entry of judgment must be filed and served when a party has made an appearance in a matter. Jeanne argues that she made an appearance when the joint petition for dissolution was filed and John failed to file and serve her with notice of the entry of judgment. Jeanne claims that as a result, the 60-day period provided for in the residual clause of Rule 60 (b) has not yet begun to run, and therefore, Sharon's allegation that Jeanne's motion was untimely, is without merit.

¶16.Sharon replies that Rule 77(d) clearly states that the "prevailing party" must serve notice, and in this case neither party should be considered a prevailing party because both parties petitioned for dissolution and obtained the relief sought. As a result, Sharon claims that no notice of entry was required, and Jeanne's 60-day time limit to move the court for relief under Rule 60(b), M.R.Civ.P., has expired.

¶17.Rule 60(b) requires that a motion for relief from a final judgment, order, or proceeding be made not more than 60 days after the judgment when a defendant has been personally served, or in a case where notice of entry of judgment is required by Rule 77(d), not more than 60 days after service of notice of entry of judgment. While Rule 77(d) provides that notice of entry of judgment shall be served by the prevailing party, it also allows any other party to serve a notice of such entry in the manner provided in Rule 5 for the service of papers. See Rule 77(d), M.R.Civ.P.

¶18.We have consistently held that where no notice of entry was filed, the time for filing an appeal did not begin to run until the clerk of court issued the notice of entry of judgment as required by the then existing Rule 77(d), M.R.Civ.P. *See Busch v. Atkinson* (1996) 278 Mont. 478, 485, 925 P.2d 874, 878. Since the time for appeal does not begin to run until the notice of entry is filed, neither does the time to request the court to modify or vacate the order. *See AAR Const., Inc. v. Fergus Elec. Co-op., Inc.* (1985), 215 Mont. 102, 108, 695 P.2d 819, 823 (holding that where no notice of entry of the order was served on the parties, the time for filing for reconsideration has not started to run); *Matter of Holmes' Estate* (1979), 183 Mont. 290, 295, 599 P.2d 344, 347 (holding that the effect of improper notice is that the order issued by the district court does not bind appellant and the time for appellant to petition the district court to modify or vacate the order has not elapsed).

¶19.We need not reach the issue of which party among co-petitioners is the proper party to file notice of entry of judgment. In this case, the filing of notice of entry of judgment was required by Rule 77(d) as "an action in which an appearance has been made." Neither party filed notice of entry of judgment. As a result, the 60-day period provided in Rule 60(b) could not begin to run, and Jeanne's motion for relief was not time barred.

¶20.Additionally, Sharon argues that the District Court improperly described John and Jeanne's failure to disclose the land in their original joint petition for dissolution as "a fraud perpetuated on the court," when it was more accurately intrinsic fraud. Because we have held that the 60-day period has not begun to run, the District Court could have properly amended the judgment for intrinsic fraud as provided by Rule 60(b)(3). Additionally, the District Court specifically found that "if a fraud was not committed on the Court, at the very least Jeanne is entitled to relief from judgment under the spirit and intent of Rule 60, M.R.Civ.P." As a result, we conclude the District Court could properly grant Jeanne relief under Rule 60(b)(3).

¶21.II Whether the District Court erred by finding that the property at issue is included in the marital estate.

¶22.Sharon next asserts that even if Jeanne's claim was not time barred under Rule 60(b), the District Court erred by finding that the property at issue is included in John and Jeanne's marital estate. She contends the property was transferred to her from John and Jeanne by Warranty Deed in 1990, over two years prior to the commencement of the dissolution proceedings, thereby removing it from inclusion in the marital estate. Sharon contends that the transfer of property to her in 1990 is final against John and Jeanne as grantors, citing § 70-20-303, MCA, which provides,

> [e]very grant of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded.

Section 70-20-303, MCA.

¶23.Sharon also claims the property was not available as an asset of either John or Jeanne and therefore could not properly be included in the marital estate. She relies on § 40-4-202, MCA.

> [T]he court, . . . shall, . . . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both.

Section 40-4-202(1), MCA.

¶24.Because she claims the property did not belong to either John or Jeanne, and the title of the property was in her name, Sharon contends that the District Court erred in including the property in John and Jeanne's marital estate.

¶25.Jeanne responds that she and John purchased the real property immediately after moving to Montana in 1981 and the property became part of their marital estate at that time. Jeanne claims that the property therefore remains a part of their marital estate until they lawfully transfer it. She asserts that the transfer of title to Sharon does not qualify as a valid transfer because Sharon provided no consideration for the real property and does not qualify as a bona fide purchaser for value. Furthermore, Jeanne represents that she and John continued to live on the property even though it had been placed in Sharon's name. Regardless of whose name the property was titled in at the time John and Jeanne filed for dissolution, Jeanne contends it belonged to them and therefore the District Court did not err in including it in their marital estate.

¶26.The District Court found that in their verified joint petition for dissolution, John and Jeanne made no mention of any real property acquired during the marriage, when in fact they had acquired the 102 acre parcel of real property in question. It was uncontroverted that the couple submitted false proposed Findings of Fact and Conclusions of Law stating "there has been no real property accumulated during the course of subject marriage." The court found that such fraudulent statements and the conveyance of the property to Sharon, who had "never paid a dime therefore, [leaving] the only marital asset of any consequence. . . in the name of [John's] mother under circumstances most suspicious," denied Jeanne her interest in the marital property. As a result, the District Court found that Jeanne was entitled to relief from judgment, and vacated the June 1992 amended decree of dissolution.

¶27.The District Court's findings are not clearly erroneous and are supported by substantial evidence. As a result, we conclude that the court did not err in including the property as part of the marital estate.

¶28.III Whether the District Court's dismissal of Sharon's status as an intervenor was error and constitutes a denial of her constitutional rights.

¶29.Sharon claims the District Court's dismissal of her intervention action was error because "Jeanne's failure to join her as a party in 1994, and delay by the court in recognizing her interest in the proceedings until 1995, constitutes a violation of her due process rights" under Article II, Section 17 and the

protection afforded her by Article II, Section 16 of the Montana Constitution. Jeanne responds that she served John and Sharon with a summons and a copy of her motions to set aside the dissolution decree, and the District Court in fact directed Sharon to appear at the initial show cause hearing in this matter in August 17, 1994.

¶30.We conclude that the District Court's findings were not clearly erroneous and it did not err in dismissing Sharon's motion to intervene.

¶31.Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART