No. 00-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 63


JIM TIMIS and CONNIE TIMIS, both individually and

on behalf of their minor daughter, CHARDEE TIMIS,

Plaintiffs and Appellants,

v.

MARK YOUNG, JOHN YOUNG and ROSE YOUNG,

d/b/a ROSE'S DAY CARE,

Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Katherine R. Curtis, Judge Presiding

COUNSEL OF RECORD:

For Appellants:

Frank B. Morrison, Jr., Morrisons, McCarthy and Baraban,

Whitefish, Montana

Milton Datsopoulos, Datsopoulos, MacDonald and Lind,

Missoula, Montana

For Respondent:

Anita Poe, Garlington, Lohn and Robinson, Missoula, Montana

Submitted on Briefs: October 19, 2000
Decided: April 18, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Jim and Connie Timis (Timises) brought suit in the Eleventh Judicial District Court against Mark, John and Rose Young (Youngs) alleging negligence and negligent supervision in the operation of their business, Rose's Day Care. The Timises agreed to settle the case prior to trial but later repudiated the settlement. The District Court then granted the Youngs' motion to enforce the settlement agreement and dismiss the underlying action. The Timises' subsequent motion to set aside this order was deemed denied when the District Court failed to rule on it within sixty days. The Timises now appeal the order enforcing the oral settlement agreement, the dismissal of the case and the denial of the motion to set aside. We affirm the rulings of the District Court.

## FACTUAL BACKGROUND

¶2 The Timises, on their own behalf and on behalf of their minor daughter, sued the Youngs for damages arising out of an alleged incident at the Youngs' day care. The parties held a voluntary settlement conference on November 11, 1998, with an experienced attorney and mediator serving as settlement master. Both the Timises and the Youngs were represented by counsel, and the conference resulted in an oral agreement settling the case.

¶3 Later, the Timises retained new counsel, repudiated the agreement and refused to sign the settlement documents. Lengthy negotiations failed to resolve the impasse, so on April 29, 1999, the Youngs filed their motions to enforce the settlement agreement and dismiss the underlying case. The Timises did not respond, and the District Court granted the motions without objection on June 3, 1999.

¶4 On August 13, 1999, the Timises moved to set aside the District Court's order dismissing the case and enforcing the settlement agreement. The District Court initially set the matter for hearing on October 5, 1999, but, at the request of the Timises' counsel, who planned to be on vacation on that date, the hearing was rescheduled for December 17, 1999.

¶5 When the hearing finally took place, the Timises acknowledged that their motion, which did not cite any particular rule as authority, was based on Rule 59 or 60, M.R.Civ.P. The District Court then questioned the parties as to why the motion should not be deemed denied pursuant to the sixty-day limit of Rule 60(c), M.R.Civ.P. After receiving supplemental briefing on the issue from both parties, the District Court held that the motion was deemed denied and it had no further jurisdiction to address the merits. The Timises now seek to overturn the District Court's denial of their motion to set aside as well as the original order dismissing the case and enforcing the settlement agreement. They raise two issues on appeal, which we restate as follows:

¶6 Issue 1. Does the District Court's time for ruling on a Rule 60(b) motion only begin to run after notice of entry of judgment has been filed?

¶7 Issue 2. Can a settlement agreement be enforced against a minor who was not represented by a guardian *ad litem* during the settlement negotiations?

### STANDARD OF REVIEW

¶8 We conclude, after examining the record and the briefs of the parties, that neither of the issues cited above were raised, briefed or argued in the District Court. This Court has consistently ruled that it will not review issues raised for the first time on appeal. Unified Indus., Inc. v. Easley, 1998 MT 145, ¶15, 289 Mont. 255, ¶15, 961 P.2d 100, ¶15; In re Marriage of Hanni, 2000 MT 59, ¶ 44, 299 Mont. 20, ¶ 44, 997 P.2d 760, ¶ 44. The reasons for the rule have been explained on a number of occasions:

> It is based on the principle that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if that outcome . . . is unfavorable.

Day v. Payne (1996), 280 Mont. 273, 276-77, 929 P.2d 864, 866 (quoting 5 Am. Jur. Appellate Review § 690, pp. 360-61 (1995)).

## DISCUSSION

¶9 At the hearing on their motion to set aside, Timises' counsel argued that the District Court should not be bound by the sixty-day limit because the settlement was unconscionable; because their motion, originally captioned a "motion to set aside," should be "more appropriately termed a Motion to Clarify the Order," and should not be subject to the sixty-day limit; and, finally, because it was the District Court's own "voluminous calendar" that prevented the hearing from occurring within the sixty-day time frame. On the basis of these arguments the District Court denied the motion.

¶10 On appeal, the Timises abandon their old theories for a new one. Citing our recent decision in In re Bell, 2000 MT 88, 299 Mont. 219, 998 P.2d 1163, they argue that the sixty-day period for ruling on their motion to set aside never began to run. In *Bell*, we held that the time limit for *moving* for relief under Rule 60(b) does not begin to run until notice of entry of judgment has been filed. *Bell*, ¶ 14. The Timises assert that no notice of entry of judgment was ever filed following the District Court's order to dismiss and argue that, since the time limits for *filing* a Rule 60(b) motion did not begin to run, the court's sixty-day time limits for *ruling* on their motion also did not begin to run. This argument greatly expands on our holding in *Bell*, which dealt only with the time for *filing* a Rule 60(b) motion. Moreover, it ignores the explicit direction in Rules 59 and 60(c), M.R.Civ.P., that the court must rule on a 60(b) motion within sixty days from *the time the motion is filed*. In any case, we decline to address the issue because it was not raised or ruled upon below.

¶11 The Timises also attempt to relitigate the Youngs' motions to enforce the oral agreement and to dismiss, despite having failed to object to these motions below. They now argue that a settlement agreement is unenforceable against a minor who was not represented by a guardian *ad litem* during the settlement negotiations. Whatever the merits of this argument, it was not raised below, and the Timises have waived their right to raise it now.

¶12 The rulings of the District Court are affirmed.

## /S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER