No. 86-583

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

BONNIE FOX,

Plaintiff and Respondent,

-vs-

ROBERT CLARYS,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John V. Potter, Jr., White Sulphur Springs, Montana

For Respondent:

Berger, Nelson & Gai, P.C., Chris J. Nelson,
Billings, Montana

---

Submitted on Briefs: March 26, 1987

Decided: June 11, 1987

Filed: **JUN 1 1 1987**

*Ethel M. Harrison*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a summary judgment granted plaintiff in a quiet title action by the District Court of the Thirteenth Judicial District in and for Yellowstone County. Defendant appeals. We affirm.

The facts of this case are not in dispute. Clifford and Bonnie Fox were at one time married and owners as joint tenants of an approximately forty acre tract of real property located in Yellowstone County. Clifford and Bonnie were divorced in December 1981 and under the terms of their own property settlement agreement, this property was to be sold and the net proceeds evenly divided. Pending the sale, the property was to remain available to both, each sharing the mortgage and insurance payments, property taxes and any improvement or maintenance costs.

The property, however, remained unsold for six months. On June 23, 1982, Clifford and Bonnie, by agreement, amended their property settlement agreement to provide for a partition of the property with each party solely responsible for his or her portion. This amendment further provided that if either party defaulted on a mortgage payment associated with the property, the defaulting party would forfeit all title and interest in the property to the other party.

Further domestic difficulties quickly arose between these two, however, and on July 1, 1982, Bonnie filed in District Court a motion to set aside the June 23 amendment. In conjunction with this motion, Bonnie filed a lis pendens which is at issue in this case. The District Court issued a show cause order and set a hearing date on Bonnie's motion.

However, this matter was never heard, and the property apparently remained partitioned.

Subsequently, the defendant herein, Robert Clarys, obtained a writ of attachment on Clifford's interest in the subject property in connection with a lawsuit filed in Meagher County. Shortly thereafter, Clarys obtained a default judgment against Clifford for monies allegedly due on a promissory note. By January 1984, Clarys had filed and recorded in Yellowstone County his judgment and writ in an attempt to obtain a judgment lien against Clifford's interest in the subject property.

But in March 1984, Clifford defaulted on a mortgage payment. Notwithstanding the fact that in July 1982 she had filed a motion to set aside the terms of the June 23 amendment, Bonnie now sought to enforce those terms. The reason that Bonnie sought to set aside the agreement was because Clifford had come back to the property and had beaten her. There is no indication that she desired to give up any claim or interest to the property. Here the property was still involved in the divorce proceeding before the court and there was nothing which eliminated the right of Bonnie to file full title to the property by requesting the disposition of that property or in the alternative to enforce the order as she now has done.

Bonnie served Clifford with a notice of default, and upon Clifford's failure to cure, Bonnie, on June 1, 1984, moved the District Court to order Clifford to convey to Bonnie any and all of his title and interest that he held in the subject property. By order dated June 22, 1984, the District Court granted Bonnie's motion, directing the Clerk of the District Court to execute a quit claim deed conveying all of Clifford's interest to Bonnie.

Clarys, meanwhile, continued to assert that he could maintain a levy of execution based upon his writ of attachment and judgment obtained against Clifford. Bonnie therefore filed a quiet title action which is the subject of this appeal.

Before the District Court, Bonnie and Clarys filed cross-motions for summary judgment. The District Court granted Bonnie's motion based upon her lis pendens filing. The court held that the doctrine of lis pendens applies to all persons acquiring an interest in the subject of the litigation during the pendency of the action and thereby concluded that Bonnie's lis pendens precluded Clarys from subsequently encumbering Clifford's interest in the property. Clarys now appeals.

The doctrine of lis pendens was created to hold the subject matter of litigation within the jurisdiction and control of the court during the pendency of an action so that any final relief granted by the court would be at once binding and effective. See, generally, 8 G. Thompson, Commentaries on the Modern Law of Real Property, § 4308, (1963 Replacement ed.). This doctrine generally renders third persons who subsequently purchase or encumber an interest in the subject property bound by the final disposition of the action.

This doctrine, however, often provides harsh results and generally has not been extended by courts without strict necessity. E & E Hauling, Inc. v. County of DuPage (Ill. 1979), 396 N.E.2d 1260, 1266. Although the law on this subject is sparse, notice of lis pendens is typically effective only for the stated cause of action and does not embrace subsequently added causes; notice of lis pendens becomes applicable to new causes of action only when the new

4

causes are added. See e.g., Blase v. Austin (Mo. 1951), 242 S.W.2d 29, 33.

As noted, in the instant case, Bonnie filed her notice of lis pendens with her motion to set aside the June 23 amendment. Then, after Clarys had obtained a judgment against Clifford, Bonnie enforced the June 23 amendment to acquire full title in the subject property and now seeks to use her notice of lis pendens to preclude Clarys from executing upon his judgment.

We find Bonnie's argument represents a proper reading of the lis pendens doctrine. Her motion of June 1, 1984 to enforce the terms of the June 1982 amendment was tantamount to a continuance of her divorce and within the provisions of our statute.

We further note that Bonnie filed her notice of lis pendens pursuant to a statutory provision. Section 70-19-102, MCA, provides:

> (1) In an action affecting the title or right of possession of real property or in an action between husband and wife, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterward may file in the office of the clerk and recorder of the county in which the property is situated a notice of the pendency of the action containing the names of the parties and the object of the action or defense and a description of the property in that county affected thereby.
>
> (2) From the time of filing of such notice only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action and

5

only of its pendency against parties designated by their real names.

The purpose underlying lis pendens statutes is to provide a better form of notice of pending litigation to those interested in the subject property. See e.g., Kelly v. Perry (Ariz. 1975), 531 P.2d 139, 140.

The judgment of the District Court is affirmed.

Justice

We concur:

Chief Justice

Justices

6