No. 91-439 and 91-531

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

No. 91-439

MARVIN H. GOOKIN and SHARON GOOKIN,
        Plaintiffs and Respondents,

    -vs-

CATHERINE M. HUNTLEY as personal representative
of the estate of GENE HUNTLEY deceased,
        Defendant and Appellant.

and

No. 91-531

J. LAWRENCE STODDARD,
        Plaintiff and Appellent,

    -vs-

MARVIN H. GOOKIN and SHARON GOOKIN,
        Defendants and Respondents.

FILED

SEP 8 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Fallon,
               The Honorable C. B. Sande (91-439) and Roy C.
               Rodeghiero (91-531), Judges presiding.


COUNSEL OF RECORD:

        For Appellant:

            Gene Huntley, Attorney Pro Se (91-531), Baker,
            Montana; John Martin Morrison, Morrison Law Firm
            (91-439), Helena, Montana

        For Respondent:

            Larry Cole, Attorney at Law (91-439 and 91-531),
            Billings, Montana; Robert L. Stephens (91-439 and
            91-531), Billings, Montana


                             Submitted on Briefs: May 21, 1992

                                  Decided: September 8, 1992

Filed:

_____
                Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is a consolidation of appeals from the Sixteenth Judicial District Court, Fallon County. Appellant appeals from judgment in favor of respondents Marvin H. and Sharon Gookin (Gookins). The District Court is affirmed.

The issue for review is:

Did the District Court err by ordering the one-third interest in property owned by Gene Huntley (Huntley) be sold towards satisfaction of a judgment in favor of Gookins?

The original case in this matter, Stoddard v. Gookin, was filed in 1972 relative to a contract for deed. This case comes to us for a third time. In the first action we remanded for further fact finding. Stoddard v. Gookin (1981), 191 Mont. 495, 625 P.2d 529. In the second, we affirmed a grant of specific performance and reversed and remanded the matter for the court to award appropriate damages. Stoddard v. Gookin (1983), 203 Mont. 435, 661 P.2d 865.

In 1970, Gookins entered into a five year lease with an option to purchase the property subject to this action with the 'McGhees'. Thereafter, Gookins entered an agreement with J. Lawrence Stoddard (Stoddard) whereby Gookins would exercise the option to purchase the property on behalf of Stoddard. The agreement required Stoddard to make the down payment and named Stoddard and Gookins as co-tenants. Under the agreement, Stoddard was to pay Gookins $30,000 and Gookins would deed the full interest over to Stoddard who would then be responsible to McGhee for payments. The

2

agreement was executed but Stoddard paid Gookins only two thousand of the thirty thousand dollars. Subsequently, Gookins did not transfer the deed to Stoddard.

Stoddard, then represented by Gene Huntley, filed an action in 1972 for specific performance and filed a lis pendens pertaining to the property. On February 2, 1982, the trial court ordered specific performance of the agreement. The Gookins were ordered to convey the deed to Stoddard and Stoddard was to pay the Gookins $28,000. Gookins, pursuant to said order and judgment, signed and delivered to Stoddard a warranty deed on April 19, 1982. Stoddard deposited the $28,000 he owed Gookins with the clerk of court. On appeal, this Court affirmed on specific performance but remanded for a determination of other damages due Gookins. Stoddard v. Gookin (1983), 203 Mont. 435, 661 P.2d 865.

Following the February 2, 1982 appealed judgment, Stoddard deeded a one-third interest in the subject property to Huntley, apparently for payment of attorney fees. After a second trial, the District Court entered final judgment on June 1, 1986 awarding Gookins a net total of more than $104,000. To satisfy the judgment, Gookins levied upon Stoddard's two-thirds interest in the land and sold it for $88,000.

The second action is between the Gookins and Huntley and is to determine whether or not Huntley's one-third interest in the property is subject to the 1986 judgment. The District Court ruled in favor of Gookins. The one-third interest Huntley obtained from Stoddard was determined to be subject to and could be sold upon

3

execution in satisfaction of the remainder of the 1986 judgment.

Huntley's position is that the Gookins are estopped from claiming a lien on his interest in the property because they conveyed a warranty deed to Stoddard after the claimed purchase money lien arose at the time of entry of the 1982 judgment. However, a lis pendens was filed on behalf of Mr. Stoddard prior to the time of any judgment lien and prior to Huntley's receipt of one-third interest in the property. The lis pendens served as notice to all subsequent purchasers or grantees, including Huntley, that the property was subject to the pending litigation. Fox v. Clarys (1987), 227 Mont. 194, 738 P.2d 104. Huntley took title and possession of the one-third interest in the property with actual notice of and subject to the final disposition of the action between Stoddard and Gookins.

Gookins conveyed their interest in the subject property to Stoddard pursuant to and in compliance with an order of the court. A person acting in compliance with a court order cannot later be estopped as a result of such involuntary action. Furthermore, estoppel is an equitable remedy. It would not be equitable to assert estoppel and prevent the Gookins from obtaining what they are entitled to for the property they conveyed.

Huntley further argues that under § 25-9-301, MCA, Gookins' interest and right to claim a lien on Huntley's property has expired. Section 25-9-301, MCA, provides:

> **Docketing of judgment--lien.** (1) Immediately after the entry of the judgment in the judgment book, the clerk must make the proper entries of the judgment under appropriate heads in the docket kept by him.

4

(2) From the time the judgment is docketed, it becomes a lien upon all real property of the judgment debtor not exempt from execution in the county, owned by him at the time or which he may afterward acquire until the lien ceases. The lien continues for 6 years unless the judgment be previously satisfied.

Huntley contends the lien was created by the February 2, 1982 judgment and that because no execution was issued in the 6 years following that date, the Gookins are now precluded from satisfying the judgment from the property. Huntley relies on Marlowe v. Missoula Gas Co. (1923), 68 Mont. 372, 219 P.2d 1111, for its holding that the bar of § 25-9-301, MCA, should apply. However, in Marlowe, the bar applied and the real estate was freed from judgment liens because of the appellant's laches. In the instant case, Gookins have diligently defended and pursued their rights and interest in the real property and proceeds therefrom.

The judgment of February 2, 1982 in favor of the Gookins was appealed. We remanded because the court erred in determining what the Gookins were entitled to for the subject property. There was not a final determination of the matter in regards to damages owed the Gookins. In fact, the instant case demonstrates that the Gookins are still trying to collect their due.

The issue regarding damages due the Gookins was re-litigated and final judgment entered June 2, 1986. The matters we resolve here are generated by and within the six years next preceding the June 2, 1986 judgment.

We conclude, § 25-9-301, MCA, is not a bar to the Gookins' action. We further conclude, for the reasons stated above, that under the doctrine of lis pendens, Huntley took title and possession to the property subject to the final disposition of the

5

noticed litigation involving the subject property. Huntley's interest in the property is subject to the 1986 judgment of the District Court in favor of the Gookins. The District Court order of sale of the property to satisfy the judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority. The majority uses one judgment date for the purpose of creating a lien on the Stoddard property and a second modified judgment date for the purpose of extending the statute of limitations for execution on the judgment. While that may accomplish the intended result, it seems internally inconsistent to me.

The judgment pursuant to which the Gookins' lien on the real estate arose was entered on February 2, 1982. However, that judgment was only for the amount of $28,000.

One-third of Stoddard's interest in the real estate was conveyed to Huntley on April 6, 1982. If it was subject to a lien, it was subject only to the lien created by the February 2, 1982, judgment.

On June 2, 1986, a second judgment was entered in favor of Gookin for the additional amount of $104,000. However, at that time Stoddard no longer owned one-third of the land to which the original judgment attached. That interest had been conveyed to Huntley.

The only basis for any lien against Huntley's interest in the real estate would have to arise from the 1982 judgment. However, § 25-9-301, MCA, is very clear to the effect that that judgment expired six years after it arose. It provides in relevant part that:

> (2) From the time the judgment is docketed, it becomes a lien upon all real property of the judgment debtor not exempt from execution in the county, owned by

7

him at the time or which he may afterward acquire until the lien ceases. The lien continues for 6 years unless the judgment be previously satisfied.

The majority distinguishes *Marlowe v. Missoula Gas Co.* (Mont. 1923), 219 P. 1111, which previously interpreted the statute. However, the statute requires no interpretation. The only lien which gives the Gookins any right to execute on the Huntley property was created by a February 2, 1982, judgment and was not enforced within six years. After six years it expired. No execution was issued in this case until November 3, 1989, more than six years after the lien was created. Therefore, there was no basis for issuing the writ of execution.

The majority chooses to rely on the 1982 judgment for the purpose of creating a lien which is enforceable against Huntley, and yet relies on the 1986 judgment for the purpose of commencing the statute of limitations within which the lien had to be enforced. Picking and choosing starting dates in this fashion is not defensible on the basis of any authority mentioned in the majority opinion, or that I am otherwise familiar with.

For these reasons, I dissent from the opinion of the majority.

_____
Justice

8