DA 10-0047

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 207

JEFFREY C. BASTON and SHARON BASTON,

   Plaintiffs,

 v.

CAROL BASTON,

   Defendant and Cross-Appellant.

KURT HAEKER,

   Cross-Appellee,

 v.

CAROL BASTON,

   Defendant and Cross-Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
      In and For the County of Yellowstone, Cause No. DV 06-667
      Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

   For Defendant and Cross-Appellant:

     Jared M. Le Fevre, Monique S. Waddington, Crowley Fleck PLLP,
     Billings, Montana

   For Cross-Appellee:

     Kurt Haeker (Self-Represented), Billings, Montana

        Submitted on Briefs: August 25, 2010

            Decided: September 28, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Kurt Haeker's (Haeker) unopposed motion to voluntarily withdraw his appeal was granted by this Court on April 16, 2010. Therefore, the only issues currently before us are those brought on cross-appeal by Carol Baston (Baston). Baston appeals the monetary judgment entered against her by the Thirteenth Judicial District Court, Yellowstone County. We reverse the portion of the District Court's order directing a lien be placed on Baston's property, vacate the monetary judgment, and remand for further proceedings consistent with this Opinion.

## ISSUES

¶2 A restatement of Baston's issues on cross-appeal are:

¶3 1. Did the District Court err when it went beyond the pleadings and pretrial order in awarding, sua sponte, monetary damages that were neither requested nor at issue during trial; and

¶4 2. If the District Court did not err in awarding monetary damages, did the court err in awarding damages beyond the applicable statute of limitations.

¶5 Because resolution of the first issue is dispositive, we decline to address the second issue.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 In July 1949, Baston and her husband Vernon acquired title to the following real property:

> Lots 12 and 13, Block 21, Yellowstone Addition to the City of Billings, Yellowstone County, Montana, according to the official plat thereof on file and of record in the Office of the Clerk and Recorder of Yellowstone County, Montana.

They held title to this property located on St. John's Avenue (hereinafter referred to as the St. John's home) as joint owners with rights of survivorship. Vernon died in 1998 and title of the property passed to Baston. While Baston has resided in Wyoming since 1987, she has also retained title to the St. John's home since 1949. This home is the subject of the current controversy.

¶7 In June 1987, Baston permitted Jeffrey and Sharon—her son and daughter-in-law—to move into the St. John's home. Jeffrey and Sharon resided in the home from 1987 until 2006, during which time they made various alterations and repairs to the home. However, they paid Baston no rent.

¶8 In 2006, after living in the home rent-free for twenty years, Jeffrey and Sharon filed suit against Baston in the Thirteenth Judicial District, Yellowstone County, to acquire title to the St. John's home under the alternative theories of adverse possession, gift, and estoppel. Neither the amended complaint nor the final pretrial order alleged that Baston owed Jeffrey and Sharon monetary damages for the alterations and repairs they made on the home during their tenure. During the trial, as evidence of their claim of adverse possession, Jeffrey and Sharon presented over 500 receipts for various alterations and repairs they claimed were made on the home during their twenty-year tenure. Baston countered at trial that some of the expenses were for work done on her Wyoming home.

4

Nevertheless, at no point in the pleadings or during trial did Jeffrey and Sharon seek reimbursement from Baston for these expenses.

¶9 At the close of trial on August 24, 2007, the District Court concluded Jeffrey and Sharon had failed to demonstrate that they acquired any ownership interest in the home. Notwithstanding this finding, the District Court sua sponte awarded Jeffrey and Sharon $33,055.48 plus 10% interest per annum for the alterations and repairs made to the St. John's home. The District Court also issued an oral ruling that the judgment would be tied to the home and could not be executed upon until, and unless, the property was conveyed by Baston. This oral ruling was omitted from the court's subsequent September 4, 2007 written order. Neither Jeffrey and Sharon nor Baston filed a notice of entry of judgment, as required by M. R. Civ. P. 77(d).

¶10 Two years later, despite the absence of notice of entry of judgment, the Clerk of District Court for the Thirteenth Judicial District, Yellowstone County issued a writ of execution on the monetary judgment against Baston for $40,024.77, the sum of the original judgment plus interest through October 8, 2009. In November 2009, Haeker purportedly purchased Jeffrey and Sharon's monetary judgment in the St. John's home, although this acquisition is not formally reflected in the District Court record. In December 2009, Haeker tried to force a sheriff's sale of the St. John's home to take place on January 26, 2010.

¶11 On December 28, 2009, Baston filed timely objections to the sheriff's sale, sought clarification of the District Court's September 4, 2007 order, and requested a hearing. The court held a hearing on January 5, 2010, and all parties were present. On January 11,

5

2010, the District Court entered an order vacating the sheriff's sale and amending its 2007 written order to clarify that the $33,055.88 plus 10% interest per annum monetary judgment on the St. John's home could not be executed upon unless, and until, Baston conveyed the property. On January 28, 2010, Baston filed and served a Notice of Entry of Final Order on all appearing parties.

¶12 On February 1, 2010, Haeker appealed the District Court's order. Baston cross-appealed. On cross-appeal Baston argued the District Court erred by awarding monetary damages that were neither requested in the pleadings nor during trial. For his part, Haeker argued he should be able to execute upon the lien on the St. John's home without waiting for Baston to convey the property. Haeker later voluntarily withdrew his appeal; therefore, the only issue still before us is that raised by Baston's cross-appeal.

## STANDARD OF REVIEW

¶13 In reviewing a district court's equitable decision we "shall review all questions of fact arising upon the evidence presented in the record . . . as well as questions of law." Section 3-2-204(5), MCA. The standard we employ under this statute is to determine whether the district court's findings of fact were clearly erroneous and whether its conclusions of law were correct. *Deschamps v. Treasure State Trailer Court, Ltd.*, 2010 MT 74, ¶ 43, 356 Mont. 1, 230 P.3d 800. A finding is clearly erroneous if it is not supported by substantial credible evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. *LeFeber v. Johnson*, 2009 MT 188, ¶ 18, 351 Mont. 75, 209 P.3d 254.

## DISCUSSION

6

¶14 Although not raised as a discrete issue on appeal, Baston argues her cross-appeal is timely because notice of entry of judgment was never filed in 2007. She argues the time for appeal did not begin to run until January 28, 2010, when she filed the Notice of Entry of Order of the January 11, 2010 order that incorporated the September 4, 2007 order. Given the anomalous procedural background of this case, we conclude that Baston's cross-appeal was timely under M. R. Civ. P. 77(d). *See In re Marriage of Bell,* 2000 MT 88, ¶ 14, 299 Mont. 219, 998 P.2d 1163.

¶15 For future reference, we note the District Court applied the incorrect standard of proof at trial by requiring Jeffrey and Sharon to establish their claims by a preponderance of the evidence. At trial, a party must prove each element of adverse possession by clear and convincing evidence. *Meadow Lake Estates Homeowners Assn. v. Shoemaker*, 2008 MT 41, ¶ 37, 341 Mont. 345, 178 P.3d 81 (citing *Wareing v. Schreckendgust*, 280 Mont. 196, 206, 930 P.2d 37, 43 (1996)). A party asserting an undivided interest in property by gift must establish that right by clear and convincing evidence. *Hillard v. Hillard*, 255 Mont. 487, 492, 844 P.2d 54, 57 (1992). Lastly, a party asserting an estoppel claim must also prove each element by clear and convincing evidence. *Avanta Fed. Credit Union v. Shupak*, 2009 MT 458, ¶ 42, 354 Mont. 372, 223 P.3d 863. For proof to be clear and convincing, it must be more than a mere preponderance but not beyond a reasonable doubt. *Wareing*, 280 Mont. at 206, 930 P.2d at 43.

¶16 The District Court found Jeffrey and Sharon did not meet their burden by the lower standard of a preponderance of evidence under any of their alternative theories of adverse possession, gift, or estoppel. Therefore, the outcome would have been no

7

different had the District Court applied the correct, higher standard of clear and convincing proof. Because the District Court's application of the incorrect standard of proof does not change the outcome and Baston's cross-appeal was timely, we proceed to address the merits of the dispositive issue on appeal.

¶17 *Did the District Court err when it went beyond the pleadings and pretrial order in awarding, sua sponte, monetary damages that were neither requested nor at issue during trial?*

¶18 We have consistently held that "due process requires a reasonable notice as to give everyone interested their opportunity to be heard." *Country Estates Homeowners Assn. v. McMillian*, 269 Mont. 131, 133, 887 P.2d 249, 251 (1994) (quoting *Shaw v. City of Kalispell*, 135 Mont. 284, 293, 340 P.2d 523, 528 (1959)). Further, it is well-settled that an appellant generally "cannot recover beyond the case stated by him in his complaint" because "fair notice to the other party remains essential." *McJunkin v. Kaufman & Broad Home Systems, Inc.*, 229 Mont. 432, 437, 748 P.2d 910, 913 (1987).

¶19 A final pretrial order "shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice." M. R. Civ. P. 16(e). We have repeatedly held that contentions not addressed in the pretrial order will not be presented at trial because pretrial orders are meant to "prevent surprise, simplify the issues and permit counsel to prepare their case for trial on the basis of the pretrial order." *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 44, 337 Mont. 411, 162 P.3d 106 (citing *Zimmerman v. Robertson*, 259 Mont. 105, 111, 854 P.2d, 338, 342 (1993)). Here, the pretrial order

8

listed as the sole issue the ownership of the St. John's home; no prayer for damages was referenced by the parties or the court.

¶20     To Baston's surprise, the District Court awarded Jeffrey and Sharon a monetary judgment at the close of trial. Baston was never put on notice she would have to oppose a monetary judgment in the form of a lien against her home. Baston was given notice only that Jeffrey and Sharon claimed ownership of the St. John's home under the legal theories of adverse possession, gift, and estoppel. Moreover, the only evidence presented by both parties was to support their respective claims of ownership of the home. Jeffrey and Sharon never once pled for, demanded, or even implied that Baston should pay them for alterations done on the St. John's home.

¶21     In sum, throughout the trial, neither party addressed the underlying theory of equity upon which the District Court ultimately rested its judgment. Thus, the District Court erred in sua sponte awarding monetary damages to Jeffrey and Sharon based on a new, un-litigated theory of equity. This award of damages cannot stand under our rules or our precedent. *Supra* ¶¶ 18-19.

¶22     Finally, we note that when Haeker purchased the lien on the St. John's home, the lis pendens filed by Jeffrey and Sharon in 2007 put him on notice that the St. John's home was the subject matter of litigation. *Fox v. Clarys*, 227 Mont. 194, 196–197, 738 P.2d 104, 105–106 (1987). He took the risk that this monetary judgment could be reversed on appeal. *Id.* at 196, 738 P.2d at 105. We find his arguments in opposition to the cross-appeal irrelevant to the dispositive issue and unpersuasive.

**CONCLUSION**

9

¶23 For the foregoing reasons we reverse the District Court's order and vacate the $33,055.48 plus 10% interest per annum monetary judgment in favor of Jeffrey and Sharon. We remand to the District Court for an order awarding Baston her costs on appeal. We decline to award Baston her attorney's fees.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS