**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANSEL CAPITAL INVESTMENT, LLC, a Tennessee limited liability company,

Plaintiff - Appellee,

v.

UNITED STATES OF AMERICA, through its agency, Internal Revenue Service,

Defendant - Appellee,

BRIAN MARCHANT and MARY MARCHANT,

Defendants - Appellants,

and

RAVALLI COUNTY,

Defendant.

No. 10-35489

D.C. Nos.   9:08-cv-00057-DWM
            9:08-cv-00093-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 9, 2011
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Appellants Brian and Mary Marchant appeal from the district court's judgment ordering the sale of certain real property pursuant to 28 U.S.C. § 2410. The Marchants contend that, because they had an interest in the property and they never agreed to the sale, the district court violated their due process rights when it ordered the sale the of property as stipulated by the United States and the owner of the property. They also argue that the district court erred in ordering sale of the property to satisfy a federal tax lien because the lien had been discharged under 26 U.S.C. § 7425 when the United States failed to redeem the property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Marchants concede they had notice of the pending litigation in the district court between the United States and the owner of the property upon reading the notice of lis pendens filed in the county where the property was located. *See* Mont. Code Ann. § 70-19-102. Despite this notice, the Marchants did not intervene immediately in the lawsuit to assert their rights in the property. Had the Marchants intervened when they obtained their interest, they could have challenged the factual basis on which the United States relied to obtain a judgment

2

ordering the sale of the property. Instead, the Marchants chose not to intervene in the litigation until after the court had entered judgment, and only then complained that they were bound by a stipulation to which they were not a party. Because the Marchants had ample opportunity to intervene in the district court litigation prior to entry of the district court's judgment ordering judicial sale of the property, there was no deprivation of the Marchants' due process rights. *See Mathews v. Eldrige*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks and citation omitted)). Even though the Marchants did not receive the process they preferred, they were afforded the process that was constitutionally required.

Moreover, the district court correctly concluded that the federal tax lien had not been discharged before the sale of the property. The Marchants argue that their notice to the United States that they intended to take title to the property together with the United States' subsequent failure to redeem its interest in the property discharged the federal tax lien pursuant to 26 U.S.C. § 7425. This argument is without merit. As the district court properly determined, the Marchants could not circumvent the court's valid judgment ordering sale of the property by utilizing the procedure for discharging liens under § 7425. The United States was under no

3

obligation to redeem the property under § 7425(d) because it had already asserted its rights through the suit in district court, and the court had already determined the validity of the federal tax lien and ordered the sale.  *See* I.R.C. § 7403(c) (providing that in an action brought under section 7403, the court "shall . . . proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property"); *see also Fox v. Clarys*, 738 P.2d 104, 105 (Mont. 1987) (explaining that a notice of lis pendens "generally renders third persons who subsequently purchase or encumber an interest in the subject property bound by the final disposition of the action").  Accordingly, the court did not err in ordering the sale of the property or in denying the Marchants' motions to set aside the judgment.

**AFFIRMED**