DA 12-0202

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 289

IN THE MATTER OF THE ESTATE OF
DENNIS R. AFRANK, Deceased.

LESLIE AFRANK, Personal Representative,

      Appellant,

  v.

DEBORAH L. AFRANK,

      Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Fallon, Cause No. DP 09-10
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Patrick G. Begley; Attorney at Law, Miles City, Montana

      For Appellee:

          Michael G. Moses; Moses and Lansing, P.C., Billings, Montana

      For Amicus Curiae:

          Charles W. Willey; Attorney at Law, Missoula, Montana
          (for Business, Estates, Trusts, Tax, and Real Property (BETTR)
          Section of the State Bar of Montana)

          Submitted on Briefs:  November 28, 2012
                    Decided:  December 18, 2012

Filed:

                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Leslie Afrank, Personal Representative of the Estate of Dennis Afrank, appeals from the District Court's order filed March 1, 2012, allowing Deborah Afrank's claim against the Estate. We reverse.

¶2     Leslie Afrank presents the issue for review which we restate as follows: whether the District Court properly allowed Deborah's claim against the Estate for one half of the debt on the motor home that she previously owned with Dennis Afrank as joint tenants with rights of survivorship.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     Deborah Afrank is the surviving spouse of Dennis Afrank, who died suddenly in an accident in June 2009. Dennis is also survived by three children from a prior marriage, one of whom is the Personal Representative Leslie Afrank. Dennis' will was admitted to probate in July 2009. It divided his estate among Deborah and his sons; directed that the Personal Representative pay all of his just debts; and left to Deborah all of their jointly-owned vehicles and other property.

¶4     At the time of Dennis' death he and Deborah owned a motor home as joint tenants with the right of survivorship. There was an outstanding purchase money security interest on it of approximately $124,000. Dennis and Deborah both signed the loan document and it specifically provided that each of them was independently obligated for the full amount of the debt. Deborah filed a claim against the Estate for approximately $62,000, representing one-half of the outstanding debt on the motor home.

2

¶5    The Personal Representative denied Deborah's claim, and the issue was presented to the District Court. The District Court determined that there was no authority on the issue in Montana, and applied a "better reasoned" majority rule from other states. That common-law rule provides that "absent a special reason to hold otherwise, the decedent's estate has an equitable duty to pay its aliquot share of debts on jointly-held property held by the decedent's spouse and the decedent at death." The District Court held that the equitable outcome in this case was to allow Deborah's claim against the Estate for one half the debt on the motor home. The Personal Representative appeals.

¶6    At the request of this Court, the Business, Estates, Trusts, Tax and Real Property Section of the State Bar of Montana submitted a brief as amicus curiae. The Court appreciates the Section's assistance.

## STANDARD OF REVIEW

¶7    This Court reviews a district court's equitable decisions to determine whether the findings of fact are clearly erroneous and whether the conclusions of law are correct. Section 3-2-204(5), MCA; *Baston v. Baston*, 2010 MT 207, ¶ 13, 357 Mont. 470, 240 P.3d 643.

## DISCUSSION

¶8    The issue on appeal is whether the District Court properly allowed Deborah's claim against the Estate for one-half of the debt on the motor home that she previously owned with Dennis as joint tenants with the right of survivorship.

¶9    Some basic principles of law apply to this case. First, no interest in the motor home passed from Dennis to Deborah under Dennis' will. There is no dispute that

3

Dennis and Deborah held the motor home as joint tenants with the right of survivorship. A joint tenant with the right of survivorship automatically gains the other tenant's interest in the property upon the other tenant's death, as a matter of law. *In re the Estate of Ayers*, 2007 MT 155, ¶ 16, 338 Mont. 12, 161 P.3d 833; *Vogele v. Estate of Schock*, 229 Mont. 259, 263, 745 P.2d 1138, 1140 (1987). Therefore, Deborah acquired sole interest in the motor home immediately upon Dennis' death, and not through any devise in his will.

¶10 Second, even as to property that passes under a will, Montana has a statutory policy of "nonexoneration" which provides:

> A specific devise passes subject to any security interest existing at the date of death, without right of exoneration, regardless of a general directive in the will to pay debts.

Section 72-2-617, MCA. Application of this statute is a matter of first impression for this Court. The *Official Comments* to this statute state that "[t]he common-law rule of exoneration of the specific devise is abolished by this section, and the contrary rule is adopted." In the present case there was no specific directive in Dennis' will concerning the debt on the motor home, but only a general directive that the Personal Representative pay Dennis' "just debts." Therefore, if the motor home had passed to Deborah under the will, it would have passed to her along with the entire debt pursuant to § 72-2-617, MCA.

¶11 The District Court and both parties on appeal rely almost exclusively upon a fifty-year-old annotation, C. C. Marvel, *Right of surviving spouse to contribution, exoneration or other reimbursement out of decedent's estate respecting liens on estate by entirety or*

4

*joint tenancy*, 76 A.L.R. 1004. That work cites no Montana law and no case newer than 1960. It pre-dates Montana's adoption of the Uniform Probate Code in 1975 (*see* §§ 72-1-101 and -107, MCA) and pre-dates the adoption of § 72-2-617, MCA. Therefore the "majority" and "minority" rules discussed in that annotation have limited value, if any, in resolving the issue in the present case.

¶12 Further, the relevant public policy in Montana can be determined from § 72-2-617, MCA, the nonexoneration statute. While the statute does not apply to Deborah's motor home because Dennis' interest in it passed to her outside the will as a matter of law, it evidences a clear public policy adopted by the Legislature. This statement of a public policy of nonexoneration, expressed in the Uniform Probate Code, is contrary to the common law "majority rule" presented in the A.L.R. annotation and adopted by the District Court. The Uniform Probate Code expressly provides that it is controlling of any other earlier statute. Section 72-1-106, MCA. This controlling intent would also apply as to earlier common law rules from other jurisdictions.

¶13 Courts in other states have declined to impose a contribution obligation upon an estate when encumbered property passes to a surviving joint tenant. In Oregon a nonexoneration statute similar to Montana's supported a conclusion that a surviving joint tenant with right of survivorship was not entitled to reimbursement from the estate of an encumbrance on the property. *Bonner v. Arnold*, 676 P.2d 290, 291-292 (Ore. 1984) (joint ownership with the right of survivorship is generally a form of estate planning, and by enacting a nonexoneration statute the Oregon legislature overturned the common law rule passing real property free from encumbrances). *See also Mellor v. O'Connor*, 712

5

A.2d 375 (R.I. 1998) (a surviving joint tenant who was obligated for the entire debt on the property was not equitably entitled to contribution on the debt from the deceased co-tenant's estate).

¶14    Therefore, the District Court erred in concluding that Montana law would, as a matter of equity under common law, require Dennis' Estate to pay half of the outstanding security interest in the motor home that became Deborah's sole property upon Dennis' death.  The District Court's order to the contrary is reversed and this matter is remanded for further proceedings consistent with this opinion.


                                        /S/ MIKE McGRATH


We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE