
DA 12-0599

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 175

IN RE THE MARRIAGE OF:

JULIE A. STEYH,

      Petitioner and Appellee,

  v.

WILLIAM T. STEYH,

      Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Second Judicial District, In and For the County of Silver Bow, Cause No. DR-12-6-KK Honorable Kurt Krueger, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

      Christopher J. Gillette, Attorney at Law, Bozeman, MT

      For Appellee:

      Bernard J. Everett; Knight, Dahood, Everett & Sievers, Anaconda, MT

Submitted on Briefs: March 6, 2013

Decided: July 2, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Julie Steyh (Julie) petitioned for dissolution of her marriage to William Steyh (William) in the Second Judicial District Court, Silver Bow County. After the District Court granted Julie's petition and issued its Findings of Fact, Conclusions of Law and Final Decree of Dissolution, William filed a M. R. Civ. P. 60(b) motion to set aside the judgment, which the District Court denied. William appeals from the District Court's denial of his Rule 60(b) Motion. We reverse.

¶2    The only issue presented for our review is whether the District Court properly denied William's Rule 60(b) motion.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    Julie and William were married on March 20, 2010. On January 6, 2012, after less than two years of marriage, Julie filed a pro se dissolution petition with the District Court. Julie asserted that the marriage was irretrievably broken and that there was no reasonable prospect of reconciliation.

¶4    As part of her petition for dissolution, Julie submitted to the court a detailed proposed distribution of the marital assets. According to Julie's equitable distribution, in addition to other assets and liabilities, William would be awarded ownership of a house and real property that the couple owned on Hobson Street in Butte. William accepted service of the petition by signing a Notice and Acknowledgment of Service on January 16, 2012. The Notice and Acknowledgment specifically advised William that the court would enter judgment against him consistent with the relief requested in the petition if he failed to

2

respond. The Summons also warned him that his failure to appear or answer would result in judgment being entered against him by default for the relief requested in the petition. Because he did not object to the dissolution of their marriage or Julie's proposed distribution of assets, William elected to default, which the clerk entered on February 8, 2012.

¶5 After the Clerk of Court entered William's default, Julie requested that a final hearing be set so that the court could be satisfied that the grounds for dissolution were met and that the proposed division of the marital assets was equitable as required by § 40-4-202, MCA. William and Julie both appeared pro se for the final hearing on March 16, 2012. Before holding the hearing, the District Court judge announced that he had several questions and ordered the parties to meet with a special master and court-appointed mediator before the hearing. After the parties met with the special master and mediator, the court held the final hearing. During the hearing the court focused its questions to the parties on the Hobson Street property. When the judge asked William what his basis was for asking for the Hobson Street property, William responded, "I didn't ask for anything in the house. I was served papers." William also told the court that he had consulted with an attorney after he had received Julie's petition and proposed distribution of assets.

¶6 At the end of the Final Hearing, the District Court announced that it was going to dissolve the marriage and adopt Julie's proposed distribution of assets with one amendment. The court agreed to award William ownership of the Hobson Street property but indicated that it was unfair that Julie would not be compensated for any of the equity in the home even though she had owned the property for thirteen years before the couple's two-year marriage. Accordingly, the court adopted Julie's proposed distribution of assets in its entirety but also

ordered William to pay Julie $30,000 over three years. On April 3, 2012, the court issued written Findings of Fact, Conclusions of Law and Final Decree of Dissolution.

¶7 Through newly enlisted counsel, William filed a Motion for Relief from Judgment on July 3, 2012. The court failed to rule on the motion within sixty days, so it was deemed denied pursuant to M. R. Civ. P. 60(c)(1). On September 12, 2012, after the motion had already been deemed denied, the court issued an order explaining why Julie's proposed distribution of assets was inequitable.

## STANDARD OF REVIEW

¶8 A court has discretion to grant or deny a party's application for default judgment after a party has defaulted. District courts also have discretion to set aside a final judgment under Rule 60(b). Because we strongly favor judgment on the merits, however, we review a district court's denial of a Rule 60(b) motion only for a slight abuse of discretion. *Ptarmigan Owner's Assn. v. Alton*, 2013 MT 69, ¶ 18, 369 Mont. 274, 298 P.3d 1140.

## DISCUSSION

¶9 William argues that the final decree should have been set aside as void under M. R. Civ. P. 60(b)(4) because the District Court awarded Julie more than she had prayed for in her original pleading in violation of M. R. Civ. P. 54(c). Rule 54(c) provides that: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

¶10 In all dissolution proceedings, even if the respondent defaults, the court has an independent obligation to ensure that the distribution of assets is equitable. Section 40-4-

4

202, MCA. The court can consider any relevant factor while determining whether a distribution of assets is equitable, but it must consider the factors specifically listed in § 40-4-202, MCA. *In re Marriage of Funk*, 2012 MT 14, ¶ 34, 363 Mont. 352, 270 P.3d 39.

¶11 Under Rule 60(b), a court may set aside a final judgment because of:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Although William argued that the judgment should be set aside as void under Rule 60(b)(4) or, alternatively 60(b)(6), the gravamen of his argument is actually that he was surprised by the court's sua sponte $30,000 award to Julie that she had not specifically requested in her petition. A surprise is "an occurrence for which there is no adequate warning or that affects someone in an unexpected way." *Black's Law Dictionary* 1581 (Bryan A Garner ed., 9th ed., West 2009).

¶12 Everything that William had received from the court informed him that judgment would be entered against him for the relief that Julie had requested in her petition if he failed to defend. William was given notice of the final hearing, and the District Court did give the parties a chance to work out the issues on their own with the mediator and special master before the final hearing. But the record does not indicate that William was given notice that the court might award Julie more than she had specifically requested in her petition *before* he

5

appeared for the final hearing on March 16. William was not given adequate notice to prepare an argument regarding why the distribution of assets would be equitable as proposed in the petition, nor was he given the opportunity to hire an attorney to argue on his behalf. We also note that William informed the District Court at the final hearing that he had consulted with an attorney before electing to default. We thus conclude that the District Court surprised William by not giving him advanced notice that it might award Julie more than she had requested in her petition and by not giving William a meaningful opportunity to contest the distribution of assets before rendering a final judgment. Given William's surprise, the court's failure to set aside the judgment was a slight abuse of discretion.

¶13 To be clear, nothing in this opinion limits a district court's broad discretion to distribute the marital assets in a manner that it deems equitable to both parties under § 40-4-202, MCA. *See In re Marriage of Swanson*, 2004 MT 124, ¶ 12, 321 Mont. 250, 90 P.3d 418. Although the District Court clearly had authority to amend Julie's proposed distribution of assets, given the warnings provided to William that judgment would be entered against him for the amount requested in the petition if he defaulted and the fact that he had advised the District Court that he had consulted an attorney before electing to default, the court should have set aside the judgment under Rule 60(b)(1) due to William's surprise. After setting aside the judgment, the court should have rescheduled the hearing to provide William with a meaningful opportunity to be heard and present an argument.

¶14 For the reasons stated above, this matter is reversed and remanded for further proceedings regarding the distribution of the parties' assets.

/S/ MIKE McGRATH

We concur:


/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER