FILED

December 23 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0291

DA 14-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 341N

DOUGLAS L. PLOUFFE,

      Plaintiff and Appellant,

  v.

GEORGE E. KNUDSON,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
                  In and For the County of Phillips, Cause No. DV 2014-01
                  Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Douglas L. Plouffe, Self-Represented, Chinook, Montana

        For Appellee:

                Steven T. Potts, PLLC, Attorney at Law, Great Falls, Montana

                              Submitted on Briefs:  November 13, 2014
                                    Decided:  December 23, 2014

Filed:

                                                            
                                                      Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In January 2014, Douglas Plouffe, representing himself, sued George Knudson in the Seventeenth Judicial District Court for Phillips County for conversion alleging that Knudson had unlawfully acquired and sold property belonging to Plouffe and the Sleeping Buffalo Hot Springs resort. Plouffe claimed the equipment was worth approximately $142,000. Knudson responded by filing a motion to dismiss on the grounds that the Complaint failed to state a claim for which relief could be granted. On February 14, 2014, the District Court denied the motion because Knudson failed to file a brief in support.

¶3 On February 21, Plouffe moved for entry of default judgment asserting that Knudson did not file a response to Plouffe's Complaint in a timely manner. On February 27, the District Court denied this motion stating that no default had been entered against Knudson; therefore, under M. R. Civ. P. 55, default judgment could not be entered. The court further determined that Knudson had not failed to file a timely response because his answer was not due until March 3, 2014. The court extended Knudson's time to respond until March 17, 2014. Knudson filed a timely response.

¶4 On March 21, Knudson moved for summary judgment, arguing that Plouffe had sued Knudson in 2012 based upon the same allegations and had sought the identical amount in damages. The district court in the 2012 case had granted summary judgment to Knudson and

2

Plouffe did not appeal that ruling. Knudson argued that res judicata and collateral estoppel precluded Plouffe's 2014 case against him. On May 5, the District Court granted Knudson's motion and dismissed the claim. Plouffe appeals the court's orders denying his motion for default judgment and granting Knudson's motion for summary judgment. While Plouffe presents multiple issues on appeal, the dispositive issue is whether the District Court erred in its disposition of these motions.

¶5     Generally, a court has discretion to grant or deny a party's application for default judgment after a party has defaulted. *Steyh v. Steyh*, 2013 MT 175, ¶ 8, 370 Mont. 494, 305 P.3d 50. In this case, however, the District Court relied upon the rules of civil procedure to determine whether Knudson had defaulted. This constituted a conclusion of law which we review for correctness. Additionally, we review de novo a district court's ruling on a motion for summary judgment, using the same criteria applied by the district court under M. R. Civ. P. 56. *Estate of Irvine v. Oaas*, 2013 MT 271, ¶ 12, 372 Mont. 49, 309 P.3d 986.

¶6     We affirm the District Court's denial of Plouffe's motion for entry of a default judgment. The District Court did not err in determining that the grounds for granting a default judgment against Knudson had not been satisfied. Moreover, the District Court had the authority to *sua sponte* grant an extension of time for Knudson to file his response to Plouffe's Complaint. M. R. Civ. P. 6(b)(1)(A).

¶7     We also affirm the District Court's grant of summary judgment to Knudson. The court properly relied on the principles of res judicata and concluded that the subject matter of the 2012 and 2014 claims were the same, as were the issues and the capacities of the parties. The court further determined that the doctrine of claim preclusion, which bars relitigation of

3

a claim that the party has already had an opportunity to litigate, precluded Plouffe from presenting his 2014 conversion claim. The District Court expressly noted that Plouffe had the "opportunity in [the 2012] action to develop and present this [conversion] theory using appropriate procedural rules" but had "failed to present evidence to show a genuine issue of material fact relative to his conversion claim." Consequently, the court did not err in granting Knudson's motion and dismissing Plouffe's action.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.


/S/ PATRICIA COTTER

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

4