FILED

04/11/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0339

DA 16-0339

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 84N

IN RE THE MARRIAGE OF:

SUSAN K. BUCK, n/k/a SUSAN K. LARSON,

       Petitioner and Appellant,

  and

ALAN R. BUCK,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DR 87-425(A)
                Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Susan K. Larson, self-represented, Kalispell, Montana

      For Appellee:

          Peter F. Carroll, Attorney at Law, Kalispell, Montana

Submitted on Briefs:  March 15, 2017

Decided:  April 11, 2017

Filed:

                                Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Susan Larson appeals the District Court's order terminating the assignment to Susan by Alan Buck, her former husband, of his interest in certain payments and requiring her to repay him for a portion of the assigned payments. We affirm in part and reverse in part.

¶3 Susan and Alan entered into a Property Settlement Agreement as part of the couple's 1991 divorce. The Property Settlement Agreement was incorporated into the dissolution decree. The parties have a daughter, who was three years old when they entered into the Property Settlement Agreement. Prior to their divorce, Susan and Alan entered into a structured settlement agreement with a third party under which the couple received $500 per month for their lifetimes.

¶4 Under the Property Settlement Agreement, Alan assigned his $250 monthly share from the structured settlement to Susan. The Property Settlement Agreement provided that the assignment served as a credit towards his child support obligation. The Property Settlement Agreement established also that this assignment would continue as long as the couple's daughter remained in school. When she finished school, Alan again would be entitled to the $250 settlement payment.

2

¶5    In April 2016, Alan filed a motion to re-open the case and for a show cause hearing to terminate the $250 assignment to Susan. The District Court scheduled a hearing for May 10, 2016. The day before the hearing, Susan's counsel filed an unopposed motion to vacate the show cause hearing and to set a contested case hearing. For reasons that do not appear in the record, the show cause hearing was not vacated and occurred as scheduled. Because Susan was out of the state, she was not present at the hearing. But Susan's counsel was present, along with her current husband. Both Susan's husband and Alan testified at the hearing. Susan's husband testified that her daughter graduated from Montana State University in 2011 and that she was presently enrolled in a one-year online program to complete her graduate degree in accounting.

¶6    The District Court issued an order concluding that Susan was obligated to inform Alan when their daughter graduated from college in 2011, which she did not do. The court concluded further that the Property Settlement Agreement required Alan to pay child support while his daughter was in the graduate program, but not during the five interim years after she graduated from college and before she started the graduate program. The court therefore determined that Alan's obligation under the Property Settlement Agreement ended in 2012. It ordered Susan to reimburse Alan $12,000—the amount paid pursuant to the Property Settlement Agreement from June 1, 2012, through May 21, 2016. The court ordered further that the assignment was terminated immediately. Susan appeals.

¶7    Appearing pro se on appeal, Susan argues that the District Court violated her due process rights because she did not receive adequate notice of the hearing, the court held the hearing without her present, and the court failed to grant her unopposed motion for a

3

continuance. Susan argues also that the District Court erred by failing to recognize an alleged oral agreement between the parties. Under the oral agreement, Susan contends, Alan promised to permanently assign his share of the settlement payment to Susan in exchange for him not having to provide her with additional financial assistance.

¶8 The essential elements of due process are notice and the opportunity to be heard. *In re Marriage of Fishbaugh*, 2002 MT 175, ¶ 15, 310 Mont. 519, 52 P.3d 395. The record demonstrates that Susan had notice of the show cause hearing, that she was represented by counsel at the hearing, and that her husband testified on her behalf. The record does not reflect that Susan's counsel, present at the time set for hearing, made any objection to proceeding in Susan's absence. He presented evidence and argument on her behalf. We conclude that Susan received the requisite notice and opportunity to be heard. Accordingly, we hold that the District Court did not violate Susan's due process rights by holding the hearing in her absence.

¶9 We review a district court's findings of fact for clear error and its conclusions of law for correctness. *In re Marriage of Healy*, 2016 MT 154, ¶ 18, 384 Mont. 31, 376 P.3d 99. The construction and interpretation of a contract is a question of law. *Grizzly Sec. Armored Express, Inc. v. Bancard Servs.*, 2016 MT 287, ¶ 27, 385 Mont. 307, 384 P.3d 68. During the hearing, Susan's counsel questioned Alan regarding his and Susan's alleged oral agreement that Susan claimed altered the written Property Settlement Agreement. In support of her position, Susan's counsel introduced a letter from Alan to Susan in which Alan offered to assign Susan his share of the settlement permanently. Susan's counsel also questioned Susan's current husband about the alleged oral agreement. Alan testified that

4

he never received any paperwork from Susan and that the parties did not have a final agreement to permanently assign his rights to the settlement to her. Susan's husband testified that he was unaware whether the paperwork had been completed.

¶10 Susan makes a number of arguments on appeal regarding the alleged oral agreement that she did not make before the District Court. We generally do not address "an issue raised for the first time on appeal" because it is "unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Grizzly Sec. Armored Express*, ¶ 59 (citation and internal quotes omitted). The evidence regarding the alleged agreement that was presented to the District Court did not establish that the parties had reached a new agreement that altered the unambiguous language of the written Property Settlement Agreement. We conclude that the District Court correctly interpreted the Property Settlement Agreement in determining that the assignment of Alan's share of the structured settlement to Susan should be terminated. *Grizzly Sec. Armored Express*, ¶ 27 ("If the language of a contract is unambiguous—i.e., reasonably susceptible to only one construction—the court must apply the language as written.").

¶11 We agree with Susan, however, that the District Court erred in ordering Susan to reimburse Alan $12,000 for his share of the assigned payments while their daughter was not in school. Alan did not request an award of any monetary relief in his motion, and the record reflects no discussion of retroactive relief during the hearing. Susan therefore had neither notice nor an opportunity to be heard regarding reimbursement. "In general, due process requires notice which, under the circumstances, is reasonably calculated to inform interested parties of the action and afford them an opportunity to present objections."

5

*Dorwart v. Caraway*, 1998 MT 191, ¶ 93, 290 Mont. 196, 966 P.2d 1121. And a party "generally 'cannot recover beyond the case stated by him in his complaint' because 'fair notice to the other party remains essential.'" *Baston v. Baston*, 2010 MT 207, ¶ 18, 357 Mont. 470, 240 P.3d 643 (setting aside a district court's *sua sponte* award of damages where the party did not seek damages in its pleadings or pretrial order) (citation omitted); *accord In re Marriage of Steyh*, 2013 MT 175, 370 Mont. 494, 305 P.3d 50 (concluding that a district court abused its discretion when it awarded the wife more than she requested in her petition without giving the husband notice and an opportunity to contest the distribution of marital assets).

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm Paragraph 2 of the District Court's May 10, 2016 order immediately terminating the assignment of Alan's share of the settlement payment. We reverse Paragraph 1 of the court's order requiring Susan to repay Alan for the assignment of $12,000 worth of payments occurring from June 1, 2012, to May 21, 2016.

/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE